Rouleau v. P. Hughes & Son et al., Appellant.

Argued October 30, 1930.

Before
TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNING-
HAM, BALDRIGE and WHITMORE, JJ.

*George H. Detweiler*, for appellants.

*J. Kennard Weaver*, for appellee.

Opinion by Cunningham, J., December 12, 1930:

Hughes, the employer in this workmen's compensation case, was engaged in the business of moving pianos and Rouleau, the claimant, had been in his employ for more than five years. In his amended claim petition he set forth as the nature and cause of the injury for which he claimed compensation "hernia on the right side, caused by strain in delivering piano to 2632 Catherine Street, and aggravated by loading a piano on truck at Broad and Washington Avenue, Phila." The employer and his insurance carrier defended upon the ground that claimant had not successfully rebutted the statutory presumption created by the amendment to our Workmen's Compensation Law of April 13, 1927, P. L. 186, 189, that his hernia was a physical weakness or ailment of gradual development, and therefore not compensable, and had not fully complied with the provisions thereof relative to notice of the alleged injury. In Berner v. Philadelphia and Reading Coal and Iron Co., 100 Pa. Superior Ct. 324, we quoted the text of the amendment and held that the legislative intent disclosed by its enactment was to declare that for compensation purposes hernia "shall be considered as a physical weakness or ailment which ordinarily develops gradually" and shall entitle an employe to compensation only when "conclusive proof is offered:" (a) that "the hernia was immediately precipitated" by an effort so sudden or strain so severe that the descent or protrusion occurred in immediate connection with the effort or strain and was accompanied by "actual pain in the hernial region;" (b) that the protrusion and pain were of such extent and severity as to be immediately noticed by the employe; and (c) that knowledge thereof was communicated to the employer, or his representative, "within forty-eight hours after the occur-

rence of the accident." In Pollock v. Clairton School District et al., 100 Pa. Superior Ct. 333, we held that the "manifestations" required to be communicated to the employer within the time limited were the descent (evidenced to the claimant by the protrusion) and the suffering of "actual pain in the hernial region." The general effect of the amendment is that when a claim is made for compensation for disability caused by a hernia, shown or admitted to have occurred, the pivotal question is whether its occurrence was "manifested" at the time of the alleged accident in the manner specified in the amendment and, if so, whether it was properly reported within the prescribed time. That this claimant was obliged to quit work on June 27, 1928, by reason of a hernia is not controverted but it is contended by appellants that it was not compensable because (a) it was not shown that it had manifested itself in the specified manner, and (b) the circumstances under which the alleged injury occurred were not communicated to the employer within the time limited.

The first branch of the defense requires little discussion. There was legally competent evidence to support the findings of the compensation authorities to the effect that claimant had never suffered from hernia prior to the morning of June 27th, when, in company with two assistants, he was delivering a piano at a small house on Catherine Street and found it necessary to take the instrument apart and "hook it in the window." Claimant, while holding one end of the case of the piano on the inside of the window, was "jammed against the wall" and immediately stricken with an abdominal pain so severe that he was unable to continue his work. Upon examination he found a lump in his inguinal region and, upon consulting his physician a few hours later, was advised that he had a right inguinal hernia. He was ordered

to bed and in the evening taken to a hospital where it was found the hernia had become strangulated and the necessary operation was performed. Under this evidence the referee and board were justified in concluding that claimant's hernia had not resulted from the gradual and ordinary development of a physical weakness or defect but was "immediately precipitated" by a "severe strain;" that it occurred in immediate connection with its cause; that its descent was accompanied by "actual pain in the hernial region;" and that the protrusion and pain were of such extent and severity as to be "immediately noticed by the claimant."

Upon the other branch of the defense there was competent evidence that the employer was absent from his place of business on the day in question and had placed his foreman, McCullough, in full charge. Within half an hour after claimant was stricken with the pain he called McCullough on the phone and told him he was sick, did not know what was the matter, but had "awful pains in the stomach," and, as he was the driver of the truck, asked McCullough to send another driver to relieve him. McCullough directed claimant to proceed to a designated railroad station with his assistants and get another piano. Claimant testified that upon arrival at the station he tried to help load that piano but "the pain was so bad [he] had to quit." Claimant again called McCullough from the station and told him he could not drive the truck. Brogan, one of the assistants, then took charge of the truck and, upon arrival at the employer's garage, claimant showed the lump to McCullough and again told him of the pain. Shortly thereafter claimant left the garage and went to the office of his physician. On the following morning McCullough, in accordance with his custom, stopped at the residence of claimant to take him to work and was informed by claimant's wife that her husband had been operated

on during the night for a hernia; she also requested McCullough to tell the employer. There was no contradiction of this evidence. The substance of McCullough's testimony was that he did not remember whether or not the claimant told him "he was hurt," but that at no time within the forty-eight-hour limit did claimant communicate to him the fact that he had been "jammed against the wall" at the house on Catherine Street.

The referee was of opinion that the evidence to which we have referred did not show a sufficient compliance with the requirements of the amendment in that there was no evidence that claimant had directly communicated to McCullough the fact that he had met with an accident or detailed to him the circumstances under which the injury was received, and therefore refused an award. The board, upon a review of the evidence, reached a different conclusion, reversed the finding of the referee upon the question of notice and made an award, holding that the amendment does not require the employe to detail, within the time limited, the exact manner in which the accident happened but merely to communicate the "manifestations" essential to make hernia a compensable injury, and that notice which puts the employer upon inquiry and which indicates that the hernia occurred in the course of the employment is sufficient. Upon appeal to it, the court below agreed with the board and entered judgment in favor of the claimant upon the award.

The sole question for us upon this appeal is whether the provisions of the amendment have been properly applied to the facts appearing from this record. It is significant to note that under Section 311 of our Workmen's Compensation Law, applicable to all cases except those in which hernia is alleged as the cause of disability and requiring the giving of notice to the employer within fourteen days after the accident, the

thing of which notice is to be given is "the occurrence of the injury" rather than the details of the accident. By Section 312 the notice is required to be substantially in the form therein prescribed and the form reads: "You are hereby notified that an injury of the following character ...... was suffered" etc. It is further provided in that section that variation from the form shall not be material if the notice be sufficient to inform the employer that a named employe "received an injury, the character of which is described in ordinary language," in the course of his employment, on or about a time, and at or near a place, specified. In hernia cases the time within which notice must be given is reduced to forty-eight hours and the matters required to be "communicated" are the "manifestations" above referred to. The "character" of the injury suffered by this claimant was communicated fully to the employer's representative within the time limit; the protrusion of the hernia was exhibited to him; he was advised that its descent had been accompanied by actual pain of such severity as to be immediately noticed by the claimant; and he had "actual knowledge" (the equivalent, under the act, of notice) that whatever injury claimant suffered had occurred in the course of his employment.

We agree with the court below that the legislature, by using the word "manifestations" to designate the things required to be "noticed by the claimant and communicated to the employer," intended to include therein the "effects of," rather than "a description of the cause which gave rise to," the injury. In our opinion the evidence in this case shows a substantial compliance with the requirements of the amendment and the assignments of error are accordingly overruled.

Judgment affirmed.