## Cherry v. Castanea Paper Company

*J. L. Trambley*, for claimant; *A. J. Straub*, for defendant.

BAIRD, P. J., February 7, 1934.—This is an appeal by the defendant and its insurance carrier from the decision of the Workmen's Compensation Board, affirming the referee's findings of fact, conclusions of law, and award.

It is a hernia case in which there were two hearings before a referee. In his findings of fact following the first hearing, the referee found certain conflicts in the claim petition and testimony offered by the claimant in support thereof, and therefrom found, inter alia, "that the conflict in the testimony and claim petition as to the date and hour of the occurrence of the alleged accident is such that it is impossible to tell whether notice was given to the employer or representative of the employer within the 48-hour period, and if such notice was given it was not reported as hernia", and that "the hernia was the result of physical weakness", and in pursuance of such finding disallowed compensation.

Upon appeal by the claimant to the board, the appeal was sustained and record remanded to the referee for further hearing, etc.

Following the rehearing, the referee found as a fact, inter alia,

"First. That the claimant, Thomas Cherry, was injured on April 5, 1932, about 4 a. m., while at work in the employ of Castanea Paper Company at the company's plant in Johnsonburg, Pa.; that the claimant reported the accident to his foreman on the date of the accident and stated that he had injured himself in the hernial region. . . . That the claimant was operated on within the first 30 days."

He reached the following conclusion of law, inter alia,

"Third. That the injuries resulting from the said accident were such violence to the physical structure of the body as is contemplated in section 301 of the Workmen's Compensation Act of 1915, and were suffered by the claimant in the course of his employment and while he was actually engaged in furthering the business or affairs of the defendant."

Thereupon, the referee made an award, whereupon an appeal was taken to the board by the defendant and insurance carrier, and the board, without discussion, affirmed the referee's findings of fact, conclusions of law, and award.

This appeal followed the decision of the board. The question raised by the exceptions is the sufficiency of the testimony to support the award.

Viewed in the light most favorable to the claimant and giving him the benefit of every doubt, the facts established by the testimony may be stated about as follows:

That on April 5, 1932, at about 4 a. m., the claimant suffered an injury while spudding the ashes out of the rotary with an iron spud; at the time of the accident the claimant felt a "belly ache"; between 3:30 and 4 o'clock on the morning of the accident he told a fellow workman that he had a pain in his abdomen (witness indicating by placing his hands along each groin), but didn't say he had been hurt; that he reported the accident to his foreman at 7 a. m., the morning of the accident, saying that he had been hurt by spudding the ring out of the rotary and that he had pains "down here"; that the next day, April 6th, at 9 a. m., he consulted his physician, Doctor Warnick, who found a lump on his body and diagnosed his case as a hernia; that the day he saw his physician "he sent word down to the mill he had a hernia" (foreman's testimony) ; that on April 7th, the day after he had been examined by his physician, he was operated on for the hernia—described by Doctor Hobbs, the operating surgeon, as "a direct recurrent inguinal hernia", by which he meant "a direct hernia and recurrent because Doctor Palmer operated on this side 22 years previous". Doctor Hobbs does not think that the old hernia had anything to do with the new one—the one in question.

The statute, section 306 (g) of the Workmen's Compensation Act of 1915, as amended by section 1 of the Act of April 13, 1927, P. L. 186, provides: "Hernia shall be considered as a physical weakness or ailment, which ordinarily develops gradually, and shall not be compensable, unless conclusive proof is offered that the hernia was immediately precipitated by such sudden effort or severe strain that: first, the descent of the hernia immediately followed the cause; second, there was actual pain in the hernial region; third, the above manifestations were of such severity that the same were immediately noticed by the claimant and communicated to the employer, or a representative of the employer, within forty-eight hours after the occurrence of the accident."

There is no evidence that the descent of the hernia immediately followed the cause, if the cause was the use of the iron spud by the claimant. The first indication of the descent, so far as the testimony shows, was when Doctor Warnick found a lump on claimant's body, April 6th at 9 o'clock in the morning, or about 29 hours after the accident.

"The question whether the workman is entitled to be compensated for a hernia is not to be determined by the fact that a hernia may have occurred at the time and as a result of the injury, but whether its occurrence at the time was manifested in the manner prescribed by the act and, if so, whether it was properly reported within the prescribed time": Berner v. Philadelphia & Reading Coal & Iron Co., 100 Pa. Superior Ct. 324, 332. See also, to same effect, Roleau v. P. Hughes & Son et al., 100 Pa. Superior Ct. 390, 393.

The nearest approach of an appellate court decision to the precise question here involved is Sussick v. Glen Alden Coal Co., 108 Pa. Superior Ct. 593, where about 2 hours after the accident, while changing his clothes in the wash shanty, the claimant found a lump in his inguinal region and reported the fact to his foreman. In that case, the Superior Court held that the claimant's evidence was sufficient to meet the requirements of the act, that the word "immediately" as

used in section 306 (*g*) does not require a hernia to be noticed by a claimant instantly, and that he is only required to examine himself at the first reasonable opportunity. The claimant here has not brought himself within that decision. He quit work at 7 o'clock on the morning of the accident, and there is no reason to believe that he did not have a reasonable opportunity to examine himself or to be examined until 9 o'clock on the morning of the next day. Under the circumstances here existing, we do not think the evidence sufficient to meet the requirements of the act.

Now, February 7, 1934, the decision of the Workmen's Compensation Board affirming the award of the referee is reversed, and judgment is here entered for the defendant.                     From John H. Cartwright, Ridgway, Pa.