### Carl Berner, Appellant, v. Philadelphia and Reading Coal and Iron Company.

Argued October 29, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*Roger J. Dever,* for appellant.—If two paragraphs in a statute are so repugnant as to be irreconcilable, the last paragraph of the statute is taken to express the intent of the Legislature: Packer v. Sunbury and Erie Railroad Co., 19 Pa. 211-219.

*J. A. Welsh,* and with him *John F. Whalen* and *B. D. Troutman,* for appellee.—When two apparently incongruous statutes are passed at the same session of the Legislature they must, if possible, be so construed as to give due effect to each of them: White v. City of Meadville, 177 Pa. 643; Lincoln v. National Tube Co., 268 Pa. 504; Cresson Borough v. Seeds, 286 Pa. 288.

Opinion by Cunningham, J., December 12, 1930:

Appellant, an employe of the appellee, while in the course of his employment as a laborer in one of its timber yards, was injured on May 17, 1929, when a cant-hook slipped and threw him against a rail, bruis-

ing his left knee and ankle. An agreement was entered into under which he was paid compensation until July 6th, when he gave a final receipt stating that his disability terminated on that date. A month later he petitioned the compensation authorities to review the agreement, set aside the final receipt and restore his compensation, upon the ground that he had "developed a hernia as a result of the injury from which [he was] still unable to work." The answer of appellee was: "Claimant did not sustain a compensable hernia of effort. It was not immediately precipitated by sudden trauma or severe strain and not followed immediately by descent of hernia. It was not immediately noticed by him and communicated to defendant within forty-eight hours afterward."

The referee took testimony, found the facts relative to the accident of May 17th, stated that appellant had received full compensation for the injuries to his knee and ankle, and continued: "Your referee further finds that claimant sustained a left inguinal hernia in the same accident, which was not determined at the time, and which disabled him beyond July 6, 1929, to which date he has already been paid compensation up to October 1, 1929, [on] account of the operation which he had to undergo ......for the radical cure of this hernia." From this award of further compensation the employer appealed to the board; upon a review of the evidence, the board concluded the law had not been properly applied by the referee to the facts thereby disclosed and sustained the appeal. The court below, upon appeal to it by the employe, agreed with the conclusions of the board and entered judgment in favor of the employer, from which judgment we now have this appeal by the employe.

As this accident occurred subsequent to December 31, 1927,—the effective date of the applicable portions of the Act of April 13, 1927, P. L. 186, 189, further

amending Section 306 of the Workmen's Compensation Law of 1915 by adding a new sub-section specifying what must be shown in order to constitute hernia a compensable injury—some of the rulings in Utzman v. Pennsylvania Rubber Co. et al., 96 Pa. Superior Ct. 463, Kovach v. Union Drawn Steel Co. et al., 99 Pa. Superior Ct. 302, and kindred cases, are not applicable to this case. Undisputed facts here appearing from the testimony are that appellant was confined to bed as a result of the accident of May 17th for a period of approximately three weeks and during that time did not notice any hernial condition. Upon leaving his bed he discovered a swelling in the left inguinal region and, upon his next visit to the attending physician on June 12th, learned definitely that it was a hernia and subsequently underwent an operation for its correction.

There is a conflict in the testimony with respect to whether the attending physician made an examination of the employe's inguinal region immediately after the accident. The physician testified that his examination at that time included ''a thorough examination of the inguinal region;'' that the employe made no mention of the hernia prior to June 12th, nor had he complained ''of sudden effort or severe strain [or] actual pain in the region of the hernia;'' and that the discovery of the hernia was a surprise to the witness. Appellant testified that the physician examined only his knee and ankle when first called and made no examination for hernia prior to June 12th. The operating surgeon stated that in his professional opinion the hernia was ''new'' and had resulted from the accident of May 17th.

Viewing the testimony in the light most favorable to appellant, there was competent evidence from which the compensation authorities could find that the hernia resulted from ''violence to the physical structure of the body''—a phrase which includes not only the ap-

plication of external force but also injury to the physical structure from an unusual strain: Skinner's Pennsylvania Workmen's Compensation Law, 2nd Ed. 172. As stated by the board in its opinion, the facts appearing upon this record might have entitled appellant to compensation if the accident had occurred prior to the effective date of the amendment. We are therefore now required to consider the purpose and effect of that amendment. Experience in the administration of the old law had demonstrated the difficulty of determining in many cases whether the hernia (with its attendant disability) resulted from the gradual and ordinary development of a physical weakness or defect, or was caused or aggravated by an accident. The paragraph added to Section 306 by the amendments of 1927 is the remedy provided for this mischief. The legislature—using the term "hernia" in a popular, rather than a surgical, sense and as implying a noticeable protrusion from some part of the abdominal cavity, and adopting the opinion of many eminent medical experts that it is a diseased or abnormal physical condition—declared, in effect, that for compensation purposes it "shall be considered as a physical weakness or ailment which ordinarily develops gradually" and shall entitle an employe to compensation only when "conclusive proof is offered that the hernia was immediately precipitated" by an effort so sudden or strain so severe that the descent or protrusion occurred in immediate connection with the effort or strain and was accompanied by "actual pain in the hernial region." Moreover, there must be proof of like character that the protrusion and pain were of such extent and severity as to be immediately noticed by the employe and that knowledge thereof was communicated to the employer, or his representative, "within forty-eight hours after the occurrence of the accident."

The exact language of the amendment is: "Hernia shall be considered as a physical weakness or ailment, which ordinarily develops gradually, and shall not be compensable, unless conclusive proof is offered that the hernia was immediately precipitated by such sudden effort or severe strain that: first, the descent of the hernia immediately followed the cause; second, there was actual pain in the hernial region; third, the above manifestations were of such severity that the same were immediately noticed by the claimant and communicated to the employer, or a representative of the employer, within forty-eight hours after the occurrence of the accident."

This amendment adds materially to the burden of proof placed upon the shoulders of one seeking compensation for a hernia. The claimant is now met with a statutory presumption that his hernia is a physical weakness or ailment of gradual development. To rebut this presumption successfully he must show by "conclusive proof" the existence of the facts and symptoms specified in the amendment, and that notice was given as therein required, before the compensation authorities may legally conclude that his hernia is compensable. As it is admitted by appellant in his testimony that he did not notice the descent of the hernia, and hence did not communicate the fact of its existence to his employer, until more than three weeks had elapsed after the accident we are not now required to place a construction upon the word "conclusive" as used to designate the measure of proof. He did testify that he had never previously suffered from hernia and immediately after the accident "was sore all over [his] body" and complained to the attending physician of pain in his "inguinal region" but such testimony, even when considered in connection with that of the operating surgeon, is no longer sufficient. Indeed, ap-

pellant's own testimony clearly places him outside of the provisions of the amendment.

It is contended by his able and experienced counsel that the amendment should be construed as applying only to cases where hernia is the sole injury alleged by the employe as entitling him to compensation, and not as precluding recovery for a hernia in cases where the employe sustained other injuries requiring immediate attention and which may have been accompanied by such pain as to render it impossible for the injured employe to be aware of the descent of the hernia in time to give notice within forty-eight hours. In support of this contention he directs attention to the fact that the legislature by the same amendatory act (Act of 1927, P. L. 186, 193) added to Section 311 a provision that no compensation shall be allowed in any case unless knowledge shall be obtained by, or notice given to, the employer "within ninety days after the occurrence of the injury." Section 311 was originally intended to, and still does, regulate the matter of notice to the employer of injuries to his employes. Its primary provision is that notice must ordinarily be given within fourteen days after the accident and that, unless the employer shall have actual knowledge, or be given notice, of the occurrence within fourteen days, no compensation shall be due until such notice is given or knowledge obtained. Further provisions are to the effect that, if the employe is able to show that "his delay in giving notice was due to his mistake or ignorance of fact or of law, or to his physical or mental inability, or to fraud, misrepresentation or deceit, or to any other reasonable cause or excuse," compensation shall be allowed, "unless the employer shall show that he did not know, and by reasonable diligence could not have learned, of the accident," and has been prejudiced by the delay. As stated in Skinner's Pennsylvania Workmen's Compensation Law, 2nd Ed., at page

220, the excuses for delay and failure to give notice became so varied and numerous that the provision requiring notice to the employer was rendered practically useless and the amendment of 1927, fixing "ninety days after the occurrence of the injury" as an outside limit, was probably adopted to meet, in part, this condition. Properly understood, the sections in question are not repugnant to each other and there is no significance in the fact that the ninety-day limit was inserted in a section later than that to which the hernia amendment was made. We agree with the views expressed by the court below relative to the legislative intent disclosed by these amendments as expressed in this excerpt from its opinion: "Doubtless the legislature by this enactment intended to remove the dissatisfactions, difficulties and complications that were attendant under the old law in the trial of cases of a delayed hernia resulting from a previous injury. The question whether the workman is entitled to be compensated for a hernia is not to be determined by the fact that a hernia may have occurred at the time and as a result of the injury, but whether its occurrence at the time was manifested in the manner prescribed by the act and, if so, whether it was properly reported within the prescribed time. . . . . . . The purpose of the act is to individuate a compensable hernia. To now construe the act within the argument of the claimant would be destructive of that purpose, and the ultimate result would be to restore hernia as a compensable injury to the same basis with other compensable injuries."

We have considered all the questions raised by the assignments and included in the statement of the question involved. As none of them can be sustained, detailed reference thereto would serve no good purpose.

Judgment affirmed.