Romesburg, Appellant, v. Gallatin Market et al.

Argued April 17, 1934.

Before Trexler, P. J., Keller, Stadtfeld, Parker and James, JJ.

*H. S. Dumbauld,* and with him *Edward Dumbauld,* for appellant.

*Dean D. Sturgis,* for appellees.

OPINION BY JAMES, J., October 3, 1934:

Appellant filed a claim petition against his employer which, after hearing, was disallowed by the referee. The compensation board reversed the referee and allowed compensation and the court of common pleas reversed the board and entered judgment for the defendant. Claimant filed this appeal and we are convinced that the judgment should be reversed and the award of the compensation board sustained.

This appellant was employed by A. N. Tesh, proprietor of the Gallatin Market in the city of Uniontown, as a clerk. On October 21, 1932, about 10:00 A. M., in the course of his employment he was lifting a chest of tea and the appellant testified that as a result he suffered a severe strain and felt a sharp pain in the right inguinal region, feeling as if he had torn some flesh. Believing that he had been injured, he immediately went to the toilet and examined his person in the region of the pain, but could find nothing to account for the pain. He further testified that he immediately went to his employer and reported what had occurred and advised his employer of the severe pain in his right inguinal region. According to the testimony of the claimant, the employer sent him down to Dr. Van Gilder, appellant going to the office of Dr. Van Gilder at about 2:30 P. M. that same day. He gave the doctor a history of the immediate pain in his right inguinal region following the lifting of the chest of tea, and Dr. Van Gilder testified that on examination

of the appellant he advised him he was suffering from a partial descent of the hernia. A. N. Tesh testified that when appellant returned from the first examination by Dr. Van Gilder, appellant told him the doctor said he probably had strained himself and made no mention at the time of having a hernia. The appellant continued to work until November 7th, when he says that for the first time the doctor advised him that he had a hernia, and that that was the first time he himself had any knowledge that he in fact was suffering from hernia.

In his fifth finding of fact the referee found as follows: "In summing up all the testimony in this case we find as a fact that the claimant sustained an injury by accident while in the employ of the defendant on October 21, 1932; that this accident occurred at about 10:00 A. M. as a result of the claimant lifting a box of tea; that said accident caused the claimant to suffer a right inguinal hernia; that the hernia was immediately precipitated by a sudden effort and severe strain; that the descent of the hernia immediately followed the cause; that there was actual pain in the hernial region; that the lifting of the box and the manifestations of pain in the inguinal region were immediately communicated to claimant's employer, *but that the fact that the claimant did suffer an abdominal protrusion or the descent of a hernia which immediately followed the cause was not communicated to claimant's employer within 48 hours after the occurrence of the accident,*" and thereupon disallowed the claim.

On the appeal to the compensation board the fifth finding of fact was affirmed, with the exception of the italicized portion, and compensation awarded.

In its opinion reversing the board, the court below stated: As the evidence discloses that the employee did not know of the descent of the hernia and had no

knowledge of the protrusion within forty-eight hours after the accident occurred, we must hold that he did not bring himself within the amendment, and hence he can not recover compensation."

Section 1 of the Act of April 13, 1927, P. L. 186 (77 PS 652), which adds paragraph (g) to Section 306 of the Workmen's Compensation Act of 1915, provides: "Hernia shall be considered as a physical weakness or ailment, which ordinarily develops gradually and shall not be compensable, unless conclusive proof is offered that the hernia was immediately precipitated by such sudden effort or severe strain that: first, the descent of the hernia immediately followed the cause; second, there was actual pain in the hernial region; third, the above manifestations were of such severity that the same were immediately noticed by the claimant and communicated to the employer, or a representative of the employer, within forty-eight hours after the occurrence of the accident."

Although the burden is on the claimant to rebut the presumption of physical weakness or ailment by conclusive proof, the evidence in the present case fully warranted the finding that the hernia was caused by sudden effort or severe strain. Under the act it is incumbent upon claimant to establish three things: first, the descent of the hernia immediately following the cause; second, that there was actual pain in the hernial region; and, third, that the above manifestations were of such severity that the same were immediately noticed by the claimant and communicated to the employer, or his representative, within forty-eight hours after the occurrence of the accident.

Undoubtedly, under the testimony, the first two conditions were established and the main question to be decided by us is whether the manifestations were communicated to the employer or his representative within the specified time. The theory advanced by the court below, that in order to establish a compensable hernia

case it was absolutely necessary for the claimant himself to have noticed the protrusion, is not tenable or reasonable under the facts in this case. What the act clearly intended to provide by the third condition was that the existence of the first two conditions should be brought home to the employer within the specified time and whether the knowledge was acquired by direct notice from the employee or his representative or by direct knowledge of the employer or by notice to his employer or representative, the purpose of the act is accomplished. In the instant case the hernia was of such a character as was not discovered by the claimant, yet it was easily found by the physician upon his examination. To hold that the employee must have personal knowledge of the descent of the hernia and of the protrusion would place a burden upon the employee that was never intended by the act. The testimony clearly established that the employer had knowledge that an accident had taken place and that the employee was suffering pain but the extent of the injury was unknown to either. The employer then sent the claimant to Dr. Van Gilder who discovered that the hernia had partially descended and expressed the opinion that it was the result of lifting the box. In sending the claimant to a certain doctor, defendant selected him as his agent or representative and discovery of the partial descent by the doctor was such a communication to the representative of the employer as fully complied with the act. Although the claimant may have misunderstood the diagnosis of the physician and reported to his employer that he suffered a strain, it would not wipe out the knowledge of the physician selected by the employer that there had been a descent of the hernia. Failure of the physician to report to the employer that a partial descent had taken place should not be visited upon the employee. Under the circumstances, the compensation board was

warranted in holding that the descent of the hernia had been communicated to the employer.

The court below relied upon the following cases: Carl Berner v. P. & R. C. & I. Co., 100 Pa. Superior Ct. 324; Pollock v. Clairton School Dist., 100 Pa. Superior Ct. 333; and Rouleau v. P. Hughes and Sons, 100 Pa. Superior Ct. 390.

In Berner v. P. & R. C. & I. Co., supra, and followed in Pollock v. Clairton School Dist., supra, and Rouleau v. P. Hughes and Sons, supra, (at p. 392) Judge CUNNINGHAM laid down the following general rule: "(a) that 'the hernia was immediately precipitated' by an effort so sudden or strain so severe that the descent or protrusion occurred in immediate connection with the effort or strain and was accompanied by 'actual pain in the hernial region;' (b) that the protrusion and pain were of such extent and severity as to be immediately noticed by the employee; and (c) that knowledge thereof was communicated to the employer, or his representative, 'within forty-eight hours after the occurrence of the accident.' "

In applying the general rule as laid down in that opinion, the court below adopted literally the language used by Judge CUNNINGHAM but in so doing we are of the opinion that he stuck entirely too close to the bark as the language adopted and used by Judge CUNNINGHAM was clearly intended to apply to the particular facts in the case in which the general rule was discussed. Undoubtedly, the presence of the pain would be peculiarly within the knowledge of the employee but the presence of the protrusion would not necessarily be within the knowledge of the employee. That a protrusion must exist is one of the conditions of the act if it is a hernia of the character intended to be covered by the amendment but the protrusion may not have been such as the employee could have discovered, yet if notice of the protrusion comes to the employer

either through the employee or his representative or is observed by the employer or notice thereof is communicated to him or to his representative, we believe the act has been complied with.

Under all the facts in this case the compensation board was fully warranted in finding that the manifestations of the first two conditions of the amendment had been communicated to the employer within forty-eight hours.

The judgment is reversed and the record is remitted to the court below with instructions to enter judgment upon the award, as made by the board.