Hopp *v.* Taub (et al., Appellant).

Argued November 12, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Ralph C. Body,* and with him *Stevens & Lee,* for appellant.

*Wm. Abbott Witman, Jr.,* for appellee.

OPINION BY STADTFELD, J., March 1, 1935:

This is a workmen's compensation case. The referee made an award, the board affirmed and the court entered judgment on the award. Defendant appealed.

The referee made, inter alia, the following findings of fact: "Claimant on and for some time prior to July 21, 1932 was employed as a truck driver by defendant who was engaged in the wholesale fruit and produce business in the city of Reading, Berks County, Pennsylvania. On this date, between ten and ten thirty o'clock A. M., while claimant in the performance of his duties was unloading a barrel of potatoes, the barrel slipped and, in endeavoring to support this sudden weight, he experienced a sharp pain in his lower abdominal region. He made mention of this pain to a fellow employee who was assisting him in unloading the barrel of potatoes. This occurrence took place on a Thursday and the following day— Friday—he reported it to his employer who directed him to have it looked after. The following Monday he went to the dispensary of the Homeopathic Hospital where a right inguinal hernia was diagnosed and an operation suggested for its correction."

"Subsequently, claimant consulted Dr. George W. Krick, of Reading, Pa., who confirmed the hospital diagnosis, and, on August 15, 1932 had claimant entered as a surgical case in the Homeopathic Hospital where the following day he performed a hernitomy upon claimant. Claimant remained a patient at this institution until September 7, 1932. Claimant has been totally disabled by this hernia and consequent operation since August 15, 1932."

The Amendatory Act of 1927, in reference to hernia provides as follows: "Hernia shall be considered as a physical weakness or ailment, which ordinarily develops gradually and shall not be compensable, un-

less conclusive proof is offered that the hernia was immediately precipitated by such sudden effort or severe strain that: First, the descent of the hernia immediately followed the cause; second, there was actual pain in the hernial region; third, the above manifestations were of such severity that the same were immediately noticed by the claimant and communicated to the employer, or a representative of the employer, within forty-eight hours after the occurrence of the accident.'' (1915, June 2, P. L. 736, Art. III, Sec. 306 (g); 1927, April 13, P. L. 186, Sec. 1, PS Sec. 652.)

The facts are undisputed. No testimony was offered ex parte defendant. Claimant testified that the accident happened on Thursday, July 21, 1932. We quote from claimant's testimony as follows: ''Q. What did you do with reference to your employer? A. He came down to the house Friday and I told him. Q. What did you tell him? A. I told him I had pains in my stomach. Q. What did he say? A. Told me to get it looked after. Q. What did you do? A. Went to the hospital. Q. What did they say there? A. Examined me and said I had a hernia. Q. Who was the doctor? A. Dr. Trexler. Q. Have an operation performed? A. Yes. Q. By whom? A. Dr. Krick. Q. When was the operation performed? A. The 16th. ...... Q. When did you first find out you were ruptured? A. When I went to the hospital. Q. When was that? A. Monday after it happened. Q. Then is when you told your boss you were ruptured? A. Yes. Q. Before that you only told him you had pain in your stomach? A. Yes. Q. You didn't feel any lump there? A. No. Q. Or hadn't seen any lump? A. No. ...... Q. When did you first discover your lump? A. I guess it was on Saturday after it happened. Q. When did it happen? A. Thursday. Q. When did you tell your boss you were ruptured? A. Monday. Q. When did you tell him you had this ac-

cident? A. The next day, Friday, after it happened.'' Dr. George Krick testified that he considered it a hernia of very recent origin.

The testimony in this case does not bring it strictly within the terms of the hernia amendment of 1927, as construed in a number of our cases and particularly Sussick v. Glen Alden Coal Co., 108 Pa. Superior Ct. 593, 165 A. 658, in which the lump was noticed within two hours. Here, the evidence does not show that the ''descent of the hernia immediately followed the cause.'' On the other hand, it does rebut the statutory presumption that the hernia from which this claimant suffered was a ''physical weakness or ailment'' which developed gradually. We think the case comes within the scope of the opinion of this court in Pollock v. Clairton Schl. Dist. et al., 100 Pa. Superior Ct. 333, in which it was held that the amendment applies only to ordinary hernias or ''ruptures'' giving evidence of their occurrence by a protrusion from some part of the abdominal cavity, which would be discoverable by an employe immediately, or within a few hours, after an accident. In this case we have proof of an accident and of pain immediately following the slipping of the barrel while being unloaded by claimant and a fellow workman from the truck. By reason of the severity of the pain, claimant was obliged to quit work and return to his home. When visited there by his employer, within forty-eight hours, claimant communicated to him the fact that the accident had occurred and that he was suffering from pains in his ''stomach.'' (See Oxford Dictionary, 'stomach' (3).)

Being of opinion that there was ample competent evidence to support the conclusion that this hernia was a compensable one under the statute, the defendants' assignments to the judgment entered by the court below upon the award must be overruled.

Judgment affirmed.