Knodel v. William J. Boas & Company (Liberty Mutual Ins. Co., Appellant).

54

Argued September 30, 1936.

Before

KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*John Paul Erwin,* for appellant.

*Martin F. Papish,* for appellee.

OPINION BY KELLER, P. J., November 13, 1936:

If this case depended solely on the question of notice of claimant's hernia, within the Act of April 13, 1927, P. L. 186, sec. 306 (g), we would affirm the judgment in his favor. He was foreman of defendant's printing plant. About 10:30 o'clock in the morning of Saturday, April 30, 1932, while he was prying up a heavy cylinder in a printing press, which had been jammed by an employe under him, he felt a sharp pain in the lower part of his abdomen, which made him feel sick or nauseated. He sat down and was not able to do any more work that morning. The plant closed at 12:00 o'clock noon Saturday and he went home. On Monday morning as soon as his superior, the superintendent, arrived, about 11:00 o'clock, he told the latter of what had occurred and that he did not know whether it was a hernia or not. The superintendent said to him, "If it still hurts you tomorrow I will report it". It did hurt the next day, the superintendent reported it and when the doctor came he examined claimant and found a hernia. Bearing in mind that the accident happened about an hour and a half before closing time on Saturday and was reported to the superintendent as soon as he arrived on Monday, and that the witness used the word 'about' in connection with not only the hour when he first felt the abdominal pain, but also the time when he reported its manifestations to the superintendent, we feel that he brought himself within the forty-eight hours' notice required by the Act of 1927, supra. See *Mulligan v. E. Keeler Co.,* 112 Pa. Superior Ct. 261, 170 A. 311; *Pollock v. Clairton School Dist.,* 100 Pa. Superior Ct. 333.

But the evidence is too meager in other respects to

support an award. It is true it was stipulated at the hearing before the referee "that claimant has a hernia and that he was operated at the Philadelphia General Hospital on May 27th". But the evidence fails to show the kind of hernia; whether it was the ordinary kind in which the descent of the hernia is discoverable immediately or within a few hours, or the type where it is not so outwardly manifested as to be discoverable by the claimant, or anyone but a physician. See *Pollock v. Clairton School Dist.,* supra; *Romesburg v. Gallatin Market,* 114 Pa. Superior Ct. 388, 393, 174 A. 805; *Hopp v. Taub,* 117 Pa. Superior Ct. 55, 58, 177 A. 214. If the former kind, there is no evidence as to when the claimant first discovered it, in spite of the fact that the Act of 1927, supra, requires that in order to be compensable the descent in such a hernia must 'immediately' follow the strain or effort and be noticed by the claimant. The word 'immediately' must, of course, receive a reasonable interpretation. See *Romesburg v. Gallatin Market,* supra. Claimant's family physician whom he consulted at his office and who examined him for a rupture did not testify that he found one; and the surgeon who operated on May 27 gave no evidence as to whether the hernia was recent or of long standing. The claimant did not even testify that he had never been ruptured before April 30, 1932.

In this unsatisfactory condition of the record we are constrained to reverse the judgment and send the record back for further evidence. The claimant must bring himself within the other requirements of section 306 (g) as amended by the Act of 1927, supra, as well as that of due notice, or furnish a satisfactory explanation, in line with the cases above cited, for not doing so.

The judgment is reversed and it is ordered that the record be returned to the Workmen's Compensation Board for additional evidence and further action not inconsistent with this opinion.