Zelenko, Appellant, *v.* Carnegie Coal Company.

136

Submitted April 22, 1938.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, PARKER and RHODES, JJ.

*A. L. McLaughlin, Jr.,* and *Samuel Goldfarb,* for appellant.

*Daniel H. Gibson* and *Rose & Eichenauer,* for appellee.

OPINION BY CUNNINGHAM, J., June 29, 1938:

In this workmen's compensation case the court below entered a judgment in favor of the employer. Upon petition of the claimant, we permitted his appeal from that judgment to be presented in forma pauperis.

While in the course of his employment in one of the defendant's mines, on February 16, 1934, claimant was accidentally struck on his left side by an iron bar and sustained a fracture of two ribs. Under an open compensation agreement for total disability, at the rate of $11.23 per week, he was paid for a period of 7-2/7

weeks and executed a final receipt, in which it was stated he was able to return to work on, April 16, 1934. In an effort to obtain additional compensation, claimant filed with the board, on October 29, 1935, a petition, drawn under section 434 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended June 26, 1919, P. L. 642, 77 PS §1001, to have the receipt set aside and the agreement reinstated. The material averment of this petition read: "I was fully ignorant of the fact that I signed a final receipt in my case. I am totally disabled." It contained no statement relative to the cause of the alleged total disability.

At the hearing before the referee on May 21, 1936, it developed that the demand for additional compensation was based upon claimant's contention that the blow from the bar, in addition to fracturing two ribs, precipitated an umbilical hernia, to the presence of which he attributed the total disability alleged in his petition. The existence of the hernia at the time of the hearing was not questioned. The employer denied, however, that it had been caused by the accident of February 16, 1934, and the further defense was made that, even if attributable to that accident, no notice of its descent had been given to any representative of the employer until the date of the hearing. Granting that notice to the company doctor would be notice to the employer, and accepting as true claimant's disputed statements relative to calling Dr. McKee's attention to the hernia, a period of at least two months expired before any notice of its presence was given. The explanation advanced as excusing the failure of claimant to give the notice required by the statute is that, as a part of the treatment for his fractured ribs, he was so strapped and bandaged that he did not discover the protrusion of the hernia until the bandages were removed approximately two months after the accident. Claimant and his son testified the attention of Dr. Mc-

Kee, the company doctor, was called to the existence of the hernia shortly after the bandages were removed. Dr. McKee contradicted their testimony. He said he treated claimant for two months after the accident for fractured ribs, stripping him below the waist and dressing his injury every five days during that period, but found no hernia. A physician called by claimant testified he first saw him professionally in September or October, 1935, and that he then had the hernia. This doctor furnished claimant with a belt and stated that he could work if the belt were worn. The testimony of this physician, however, would not, under the authorities, sustain a finding of causal connection between the accident and the hernia.

The referee set aside the final receipt, reinstated the compensation agreement, and directed that payments for total disability be resumed, as of the date of the last payment made under it, and continued until a change in claimant's disability occurred.

On the appeal of the coal company to the board, the findings and award of the referee were set aside and the board substituted therefor its own finding to the effect that claimant was not disabled because he was able to do his usual work with the aid of a truss. The board, however, made a further finding that if claimant saw fit to submit to an operation for the correction of the hernia, compensation should begin at that time and continue until claimant recovered.

Upon claimant's appeal to the court below his exceptions to the action of the board were dismissed, the findings of the board that claimant would be entitled to compensation during any period he might be disabled because of an operation were reversed, and judgment entered in favor of the employing company; hence this appeal by the claimant.

The question involved is whether appellant successfully overcame the statutory presumption created by

the hernia amendment of April 13, 1927, P. L. 186, 77 PS §652, that hernia is a non-compensable "physical weakness or ailment."[1] The legislature has prescribed what a claimant must show in order to rebut that presumption. Among the proofs essential to make a hernia compensable are: (a) that its descent "immediately followed the cause," and (b) that the "manifestations" of the existence of the hernia were "communicated to the employer, or a representative of the employer, within forty-eight hours after the occurrence of the accident."

When all conflicts in the evidence are resolved in favor of appellant, it is beyond question that no notice of the descent of the hernia was given to any representative of the employer until after more than two months had elapsed from the date of the accident.

The absence from this record of any evidence that the statutory notice was given is fatal to appellant's case, regardless of any questions relative to the circumstances under which the final receipt was given or the timeliness of the petition to set it aside. As an additional reason for affirming the judgment we agree with the following excerpt from the comprehensive opinion written for the court below by MARSHALL, (T. M.) J:

"As a matter of law we find that there was no relevant evidence at all produced in this case to sustain the findings of fact that the hernia resulted from the

---

[1] "Hernia shall be considered as a physical weakness or ailment, which ordinarily develops gradually and shall not be compensable, unless conclusive proof is offered that the hernia was immediately precipitated by such sudden effort or severe strain that: first, the descent of the hernia immediately followed the cause; second, there was actual pain in the hernial region; third, the above manifestations were of such severity that the same were immediately noticed by the claimant and communicated to the employer, or a representative of the employer, within forty-eight hours after the occurrence of the accident."

injury alleged, and claimant is not entitled to recover anything as a result of the hernia."

This case cannot be distinguished, in our opinion, from that of *Berner v. P. & R. C. & I. Co.,* 100 Pa. Superior Ct. 324, in which we held that the failure of Berner, under circumstances practically identical with those here present, to give the requisite notice within forty-eight hours after the accident, defeated his claim for compensation. See also *Ernest v. Elkland Leather Company,* 132 Pa. Superior Ct. 130, 200 A. 614.

Counsel for appellant seek to meet the present situation by suggesting that the circumstances of this case bring it within the exceptional case of *Pollock v. Clairton School District et al.,* 100 Pa. Superior Ct. 333. In that case the hernia involved was a "strangulated inter-abdominal hernia," of which there was no external evidence, and not one of the ordinary hernias or "ruptures" which manifest their presence by a protrusion of some part of the abdominal cavity. We cannot agree that the case now at bar falls within the scope of our decision in the Pollock case. Under the evidence upon this record appellant's hernia was, in our opinion, clearly within the class of hernias covered by the amendment.

We have considered all the assignments of error; none of them can be sustained.

Judgment affirmed.