Kinsman, Appellant, *v.* R. F. Post Company.

Argued March 2, 1943. Before KELLER, P. J., BALD-
RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and
RENO, JJ.

*D. R. Reese,* for appellant.

*Raymond T. Law, of Mackie, Murphy & Law,* for
appellee.

OPINION BY KENWORTHEY, J., April 13, 1943:

In this workmen's compensation case the claim is
for disability resulting from a femoral hernia alleged

to have been caused by an accident within the scope of claimant's employment. There was evidence offered that the hernia was caused by an accident. Claimant concedes, however, that if the 'hernia amendment,' Act of June 21, 1939, P. L. 520 §1, added to Act of June 2, 1915, P. L. 736, art. III, §306(h), 77 PS §515, applies, he has not overcome the presumption nor met the burden of proof provided in that Act.

The question is whether the hernia amendment is applicable to a femoral hernia.

The compensation board held that it was not applicable and made an award of compensation. The lower court reversed and entered judgment for defendant. Claimant has appealed.

The femoral hernia differs from the inguinal or more common variety in that, in the former, the abdominal contents protrude through the femoral canal, through which passes the femoral vein and artery, whereas in the inguinal hernia the abdominal contents protrude through the inguinal canal through which passes the spermatic cord. Although we have not been called upon to decide the precise point, the trend of our decisions would indicate that there is no valid distinction, for the purpose of applying the hernia amendment, between any of the various types of abdominal hernias or ruptures. In holding that the Amendment of 1927 (Act of April 13, 1927, P. L. 186, §1) which, for present purposes is identical with the Act of 1939, was applicable to an umbilical hernia, this court, in *Zelenko v. Carnegie Coal Co.,* 132 Pa. Superior Ct. 135, 140, 200 A. 608, speaking through the late Judge CUNNINGHAM, clearly implied that it is applicable to all "ordinary hernias or 'ruptures' which manifest their presence by a protrusion of some part of the abdominal cavity." In three cases *(Testa v. National Radiator Corp.,* 141 Pa. Superior Ct. 206, 15 A. (2d) 42; *Orlandini v. Volpe Coal Co.,* 145 Pa. Superior Ct. 129, 20 A. (2d) 870;

*Roberts v. Hillman Coal & Coke Co.*, 131 Pa. Superior Ct. 570, 200 A. 128), although the point was not expressly raised, this court assumed that the hernia amendment applied to femoral hernias. And in *Flock v. Pittsburgh Terminal Coal Co.*, 140 Pa. Superior Ct. 232, 13 A. (2d) 881, President Judge KELLER assumed it applied to an anterior abdominal hernia, an unusual type which protruded through the abdominal wall just below the margin of the ribs.

Although we are not unwilling to correct an error or reverse a trend of decisions when the correct, though different, way is pointed out to us, we are not satisfied that we should do so here. Our decisions in *Roberts v. Hillman Coal & Coke Co.*, supra, and in *Zelenko v. Carnegie Coal Co.*, supra, were decided prior to the passage of the Act of 1939, and since they dealt with almost identical language in the earlier Act of 1927, we presume that the legislature intended "the same construction to be placed upon [the language in the later Act]." Statutory Construction Act, Act of May 28, 1937, P. L. 1019 art. IV, §52, 46 PS §552. In the Amendment of 1939 the legislature had an opportunity to correct our alleged error or misunderstanding but it made no effort to distinguish between various types of abdominal hernias. And although we have indicated the amendment does not apply to internal hernias but only to the ordinary types of hernias which involve noticeable protrusions from the abdominal cavity *(Pollock v. Clairton School Dist.*, 100 Pa. Superior Ct. 333; *Fye v. B. & O. R. R. Co.*, 133 Pa. Superior Ct. 550, 3 A. (2d) 275; *Tenaro v. Keasby & Mattison Co.*, 151 Pa. Superior Ct. 598), we are of opinion that until the legislature makes a further distinction we should not do so.[1]

The judgment is affirmed.

----

[1] Although we have not attempted an exhaustive research because the problem is one peculiarly for experts whose opinions

differ widely, we have examined a number of standard text-books for the purpose of determining whether the experts, in classifying hernias for the purpose of discussing their traumatic cause, have differentiated between femoral hernias on the one hand and inguinal hernias on the other. We do not find that they make any distinction. Most text writers are of opinion that all abdominal hernias have a congenital element and ordinarily develop gradually, just as the hernia amendments of 1927 and 1939 consider them. Our researches have led us to but one writer who distinguishes inguinal from all other abdominal hernias. But he lends no support to the argument that the burden of proving the traumatic origin of other hernias should be less; he takes the position that whereas inguinal hernias are rarely, other abdominal hernias are never of traumatic origin. See David H. M. Gillespie—Surgical Clinics of North America, April 1941.