Nemonich *v.* Pittsburgh Coal Company, Appellant.

Argued April 18, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Harold R. Schmidt,* with him *H. Y. Crossland* and *Rose, Eichenauer, Stewart & Lewis,* for appellant.

*Samuel Krimsly,* for appellee.

OPINION BY RHODES, P. J., July 17, 1947:

This is an appeal by an employer, in a workmen's compensation case involving a hernia, from an award against it in favor of the claimant. The questions presented on this appeal are whether the right inguinal hernia in this case was such a hernia as was covered by the hernia amendment of June 21, 1939, P. L. 520, and, if so, did claimant comply with the provisions of the amendment as to notice?

Claimant was employed as a loader in the mine of appellant. On January 26, 1944, he was pulling a hook to which was attached a heavy "T" iron rail about fifteen feet long and weighing about forty pounds. The rail hit some steps, jerked claimant back, causing him to slip and lose his footing.

The accident happened about 1:45 p.m. Claimant felt a burning sensation and noticed a swelling in his right inguinal region. He immediately quit work and was unable to walk after emerging from the mine. He told the safety inspector, and the inspector had a fellow employee take claimant home. At six o'clock the same day Dr. Joseph S. Wilson, substituting for Dr. Sidney Safron the regular company check-off doctor, examined claimant. Dr. Wilson testified claimant's complaints were all upper abdominal, and made a tentative diagnosis of acute gastroenteritis. Dr. Wilson testified: "Our examination showed a distention of the upper abdomen with some tenderness, the lower abdomen had no physical signs."

Dr. Safron, the regular check-off doctor for appellant, saw claimant, from whom he received a history,[1] the next day, January 27th, and for five successive days thereafter; he did not discover the nature of claimant's ailment, but treated claimant for abdominal pain. Find-

---

[1] Claimant testified: "Yes, I told him [Dr. Safron] and I showed him everything." (27a) Claimant, immediately after the accident, upon examining himself, had noticed a swelling in the right inguinal region. (25a)

ing himself unable to stand the pain, claimant sent for Dr. Schmieler who, on January 31, 1944, sent claimant to Mercy Hospital where Dr. Grover C. Weil operated and found a right inguinal strangulated hernia. The operation was successful and claimant was able to return to work July 10, 1944. The referee and board awarded compensation; this was affirmed by the court of common pleas.

1. At the time of the accident the hernia amendment of June 21, 1939, P. L. 520, 534, adding section 306 (h) to the Workmen's Compensation Act of June 2, 1915, P. L. 736, art. 3, was in effect. This section provided: "Hernia shall be considered as a physical weakness or ailment, which ordinarily develops gradually, and shall not be compensable, unless incontrovertible proof is offered that the hernia was at once precipitated by sudden effort or severe strain and that: first, the descent of the hernia followed the cause without intervening time; second, there was actual pain in the hernial region at the time of descent; third, the above manifestations were of such severity that the same were noticed at once by the claimant, necessitating immediate cessation of work, and communicated to the employer or a representative of the employer within forty-eight hours after the occurrence of the accident."

The amendment of 1939, supra, is substantially similar to the hernia amendment of 1927 (Act of April 13, 1927, P. L. 186, section 306 (g)). *Drumbar v. Jeddo-Highland Coal Co.*, 155 Pa. Superior Ct. 57, 37 A. 2d 25.

Appellant claims the hernia here involved, although not definitely diagnosed until the operation, was a hernia of the type covered by the 1939 amendment. In our opinion there is no doubt but that the 1939 amendment covers the inguinal hernia here involved. *Berner v. Philadelphia and Reading Coal and Iron Co.*, 100 Pa. Superior Ct. 324; *Pollock v. Clairton School District et al.*, 100 Pa. Superior Ct. 333; *Romesburg v. Gallatin Market et al.*, 114 Pa. Superior Ct. 388, 174 A. 805;

*Hopp v. Taub et al.,* 117 Pa. Superior Ct. 55, 177 A. 214; *Knodel v. William J. Boas & Co. et al.,* 124 Pa. Superior Ct. 53, 187 A. 817; *Kinsman v. R. F. Post Co.,* 152 Pa. Superior Ct. 67, 31 A. 2d 358.

2. The hernia amendment of 1939 being applicable, were the requirements of the act as to notice to appellant within forty-eight hours fulfilled? Unless the manifestations of the hernia were communicated to the employer, or his representative, within forty-eight hours after the occurrence of the accident, the hernia is not compensable. *Ernest v. Elkland Leather Co.,* 132 Pa. Superior Ct. 130, 200 A. 614; *Zelenko v. Carnegie Coal Co.,* 132 Pa. Superior Ct. 135, 200 A. 608; *Hercheck v. Donahoe's, Inc., et al.,* 119 Pa. Superior Ct. 501, 180 A. 60. The manifestations of the hernia which must be communicated are (1) descent of the hernia, and (2) actual pain in the hernial region. *Ernest v. Elkland Leather Co.,* supra, 132 Pa. Superior Ct. 130, 134, 200 A. 614.

It is not necessary that claimant should himself be aware of, or notice, the protrusion. *Romesburg v. Gallatin Market et al.,* supra, 114 Pa. Superior Ct. 388, 393, 174 A. 805. In the *Romesburg* case the claimant did not notice the hernia, but the company doctor who examined claimant within forty-eight hours after the accident saw the hernia, although the doctor did not inform claimant of his condition. We said (114 Pa. Superior Ct. 388, at page 394, 174 A. 805, at page 807): "That a protrusion must exist is one of the conditions of the act if it is a hernia of the character intended to be covered by the amendment but the protrusion may not have been such as the employee could have discovered, yet if notice of the protrusion comes to the employer either through the employee or his representative or is observed by the employer or notice thereof is communicated to him or to his representative, we believe the act has been complied with."

The existence of the hernia following the accident is not questioned. Two of appellant's doctors examined

claimant carefully within the forty-eight-hour period; neither doctor discovered the hernia. Under these circumstances appellant cannot be heard to say that it did not receive the necessary notice. If its doctors could not properly diagnose claimant's ailment it would be unreasonable to require the claimant to give any further information to his employer than he did in this case. Under the facts here present, we think notice was given to the employer (appellant) within the intendment of the act. See *Shriver v. Gulf Refining Co. et al.,* 119 Pa. Superior Ct. 507, 180 A. 147.

Judgment is affirmed.