## Lynn *v.* Pottsville Box Corporation, Appellant.

Argued September 29, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*E. Mac Thoutman,* with him *Penrose Hertzler,* for appellant.

*Henry Houck,* for appellee.

OPINION BY DITHRICH, J., November 9, 1948:

In this workmen's compensation case the learned judges of the court below sitting en banc reversed the decision of the referee which had been affirmed by the Board and awarded claimant compensation. The claim has been pending eight years. It has been before the Board three times and before the Court of Common Pleas of Schuylkill County twice. Claimant sustained a hernia in the course of his employment, and the sole question involved is whether it is compensable under § 306(h) of the Workmen's Compensation Act of 1915, P. L. 736, as amended by the Act of June 21, 1939, P. L. 520.

The compensation authorities have consistently held that it is not compensable. They rely on the referee's seventh and eighth findings of fact which have been affirmed by the Board. They are:

"7. We further find that the hernia was not *at once* precipitated by the occurrence on August 20, 1940.

"8. We further find that the descent of the hernia did not follow the cause *without intervening time*." (Emphasis added.)

In its opinion affirming the action of the referee, the Board states in part: "Claimant has presented no testimony showing that his hernia was at once precipitated by the strain of his lifting and that the hernia descended without intervening time. Beyond his testimony that he first noticed the hernial lump on August 21, 1940, we have no evidence indicating the time of descent." As we shall later point out, that would be sufficient evidence of descent within a reasonable time, which is all that is required under the 1939 amendment.

The court in reversing the Board and allowing the claim said: "The evidence offered in this case does not sustain the seventh and eighth finding[s] of fact and the second Conclusion of Law . . ." It is as follows: "2. Claimant having failed to establish by incontrovertible proof that the hernia was at once precipitated or that it followed the cause without intervening time, we conclude that claimant's petition must be dismissed and compensation denied . . ." The words which we have italicized in quoting the referee's findings of fact are taken verbatim from § 306 (h), the new language in the Act of 1939 being in italics and the supplanted words of the earlier Act being in brackets.[1] The Board and

---

[1] "Hernia shall be considered as a physical weakness or ailment, which ordinarily develops gradually, and shall not be compensable, unless *incontrovertible* [conclusive] proof is offered that the hernia was *at once* [immediately] precipitated by sudden effort or severe strain and that: first, the descent of the hernia followed the cause *without intervening time* [immediately]; second, there was actual

the learned court below both fell into error in treating the referee's seventh and eighth findings of fact as such, when they are literally conclusions of law based on an incorrect or improper application of the law to the facts.

The material facts as found by the referee and affirmed by the Board are as follows: Claimant on August 20, 1940, while stacking rolls of paper in his employer's stockroom, suffered a "severe strain, in that the rolls which he was then stacking were heavier than the ones he generally worked upon . . ."; they weighed approximately 175 to 180 pounds per roll; the ordinary paper weighed about 120 pounds. He reported to his foreman that he had "a distressed feeling in the back." He "ceased work for about ten minutes . . . was white and . . . looked sick. About an hour later he vomited." He continued to work that day and the next and on the evening thereof, namely, August 21, went home "feeling sick with pain. While bathing himself that evening, he noticed a lump in his right inguinal region. He *then* went to the office of Dr. Wm. A. Burke, who diagnosed his condition as a right inguinal hernia. At or about eight o'clock on the morning of the 22nd he reported the hernia to his foreman." (Emphasis added.)

Appellant has made much of an apparent confusion by the claimant and Dr. Burke as to the date on which Dr. Burke first saw him. In his Surgeon's Report, Dr. Burke reported it as August 23, but his office record shows it was August 21. Claimant first said he went to see the doctor three days after the occurrence, but later corrected it to one day. His foreman testified that he reported the hernia to him on the morning of August 22,

---

pain in the hernial region at the time of descent; third, the above manifestations were of such severity that the same were noticed *at once* [immediately] by the claimant, *necessitating immediate cessation of work*, and communicated to the employer or a representative of the employer within forty-eight hours after the occurrence of the accident."

which was within 48 hours as required by the Act, and in any event the referee found that claimant "noticed a lump" on the 21st and that he "then went" to the office of Dr. Burke. He further found as a fact that claimant reported his hernia to his foreman on the morning of the 22nd; and, to make the findings consistent, "then" must be taken to mean August 21. If taken to mean August 23, it would be inconsistent with the referee's other findings.

Appellant seeks to make it appear that when Dr. Burke first examined claimant on August 21, 1940 (appellant's brief, p. 17), "he found a 'sac' which was at least a month old." The record discloses (59a) that the surgeon made that discovery on October 9, 1940, when he operated on claimant, and not on August 21, 1940, as appellant would have us believe. .

In *Hopp v. Taub*, 117 Pa. Superior Ct. 55, 177 A. 214, where claimant first discovered a "lump" two days after the happening of an accident and the injury was not diagnosed as a hernia until three days later, but claimant's employer had been notified within 48 hours of the happening of the accident, the Court said (page 58): "Here, the evidence does not show that the 'descent of the hernia immediately followed the cause.' On the other hand, it does rebut the statutory presumption that the hernia from which this claimant suffered was a 'physical weakness or ailment' which developed gradually. . . . In this case we have proof of an accident and of pain immediately following the slipping of the barrel while being unloaded by claimant and a fellow workman from the truck. By reason of the severity of the pain, claimant was obliged to quit work and return to his home. When visited there by his employer, within forty-eight hours, claimant communicated to him the fact that the accident had occurred and that he was suffering from pains in his 'stomach.' "

That case arose prior to the 1939 amendment, but in *Drumbar v. Jeddo-Highland Coal Co.*, 155 Pa. Superior

Ct. 57, 37 A. 2d 25, where appellant's principal argument was that certain differences in the language in § 306(h) of the Act of 1939 and the earlier Hernia Amendment of 1927 indicated an intention on the part of the legislature to impose, by the Act of 1939, a greater burden of proof than was required by the earlier Act, it was held (pages 59-60) : "With the single exception that an entirely new element of proof was introduced by the Act of 1939, viz that the manifestations of the hernia must necessitate immediate cessation of work, the differences in the language are, in our opinion, insignificant. [That new element of proof is not lacking in the instant case.] We have already held there is no substantial difference between incontrovertible proof and conclusive proof (Grant v. Wark Construction Co., 152 Pa. Superior Ct. 214, 31 A. 2d 739) ; by the use of these expressions it was not intended that proof must be either incontrovertible or conclusive in the literal sense. *Such a construction would make it virtually impossible for an employe to secure compensation for a hernia.* When given a reasonable construction (Stat. Const. Act of May 28, 1937, P. L. 1019, art. IV, § 52, 46 PS 552), they mean merely 'clear and convincing proof.' [Citing cases.] [Emphasis added.]

"In the new act, proof is required that the hernia was 'at once' precipitated, that the descent followed the cause 'without intervening time' and that the manifestations of the hernia were noticed 'at once,' whereas the earlier act used the word 'immediately.' We think there is no substantial difference between 'at once' and 'without intervening time' on the one hand and 'immediately' on the other. The standard dictionaries indicate no appreciable difference. We have held that 'immediately' does not mean instantaneously, but within a reasonable time; that for a hernia to be compensable it is not necessary to prove that the injured workman removed his clothing and discovered it on the spot but he is within the require-

ments of the law where it was noticed for the first time several hours afterwards." · ·

It was further held that an immediate cessation of work for "two or three minutes" was sufficient to meet the requirement of the amendment. Here, the referee found as a fact that claimant had immediately ceased work for ten minutes.

The case turns then on a determination of whether the hernia was "at once" precipitated, and whether it followed the cause "without intervening time" within the meaning of § 306 (h) of the amendment of 1939.

The findings, which the learned court below held were not sustained by the evidence, are negative, not positive, and are phrased in the exact language of the statute. They do not reveal when the hernia was precipitated, but only that in the opinion of the referee and the Board it was not precipitated according to the statutory requirement. They are not supported by any affirmative testimony, but rest rather on an inference that since the claimant himself did not notice any abdominal swelling or protrusion until the day following the accident, it had not descended "at once." In the recent case of *Nemonich v. Pittsburgh Coal Co.*, 161 Pa. Superior Ct. 239, 54 A. 2d 73, speaking through RHODES, P. J., we said (page 242) : "It is not necessary that claimant should himself be aware of, or notice, the protrusion. Romesburg v. Gallatin Market et al., supra, 114 Pa. Superior Ct. 388, 393, 174 A. 805. In the Romesburg case the claimant did not notice the hernia, but the company doctor who examined claimant within forty-eight hours after the accident saw the hernia, although the doctor did not inform claimant of his condition. We said (114 Pa. Superior Ct. 388, at page 394, 174 A. 805, at page 807) : 'That a protrusion must exist is one of the conditions of the act if it is a hernia of the character intended to be covered by the amendment but the protrusion may not have been such as the employee could have discovered, yet if notice of the protrusion comes

to the employer either through the employee or his representative or is observed by the employer or notice thereof is communicated to him or to his representative, we believe the act has been complied with.' "

What we said, speaking through Judge HIRT, in *Davis v. Jones & Laughlin Steel Corp.*, 157 Pa. Superior Ct. 133, 136, 42 A. 2d 83, is most appropriate here: "In this case under the findings, every statutory presumption against an award has been overcome. And the facts which remove the presumption constitute 'incontrovertible proof' within the intent of the amendment (Grant v. Wark Const. Co., 152 Pa. Superior Ct. 214, 31 A. 2d 739); there is no denial of them. Since the hernia was precipitated by sudden effort or severe strain, a pure question of law is presented in this appeal which requires a reversal of the judgment."

Whether on the facts as found by the compensation authorities claimant is entitled to compensation is a question of law and as such open to review. *Strunk v. E. D. Huffman & Sons*, 144 Pa. Superior Ct. 429, 19 A. 2d 539. In that case this Court said, in an opinion by RHODES, J., now P. J. (page 436): "Appellant has discussed at length and criticized the opinion of the court below. We are not necessarily concerned with the court's comments on the findings of fact or appellant's criticisms of some of the statements in the opinion, for we all agree that the conclusion of the court below that deceased was in the course of his employment when fatally injured was correct, and followed from the facts found by the compensation authorities. It was proper to enter judgment for claimant. Berlin v. Crawford, 86 Pa. Superior Ct. 283; Hein v. Ludwig, 118 Pa. Superior Ct. 152, 157, 179 A. 917." See *Buck v. Arndt*, 153 Pa. Superior Ct. 632, 34 A. 2d 823.

In *Hein v. Ludwig*, supra, the referee made no award and the evidence did not show clearly the full amount of the claimant's wages at the time of accident. For

that reason the record was remitted with direction to make a definite award. But here, all the evidence necessary for framing an award was before the court and, since the amount was not in controversy, the court was justified in making the award. To send the case back for that purpose would only have further delayed a cause already too long delayed.

Judgment affirmed.