## Mis v. The Budd Company

*David L. Ullman*, for claimant.

*Alexander F. Barbieri*, for defendant.

MILNER, J., March 29, 1957.—Claimant in this case has appealed from the order of the workmen's compensation board reversing the award made by the referee and disallowing the claim. The testimony clearly establishes, as the board stated in its opinion, that claimant

suffered an accident on September 30, 1950, while acting within the course of his employment with defendant, causing claimant to suffer a small incomplete inguinal hernia, and that notice of the occurrence was not given to defendant until four days later. The board felt that because section 306(h) of The Workmen's Compensation Act of June 2, 1915, P. L. 736, added June 21, 1939, P. L. 520, as amended, as then in force, 77 PS §515, required notice of a claim for hernia to be given within 48 hours, claimant was not entitled to compensation. In view of the nature of the injury as disclosed by the testimony, we cannot agree with this conclusion.

All the statutory restrictions placed upon claims for compensation for hernia had been removed by subsequent amendments at the time when this accident occurred, excepting the 48-hour notice requirement contained in the amendment of May 18, 1945, P. L. 671. Even this requirement has now been removed by the legislature. During the time when the so-called hernia amendment was in force, the reasoning of the cases made it clear that the term hernia as used in the statutes referred not to every type of hernia but to only those hernias that were noticeable or discoverable as such.

Hernias, which according to medical authorities are of many and varied kinds, were classified, for purposes of the "hernia amendment", not technically or scientifically but into two broad groups, those which could be identified as such by the layman and those which could not. The testimony here indicates that at the time of the accident and even at the time of claimant's examination by defendant's physician, there was no noticeable protrusion which would have put claimant on notice that he had suffered a hernia. The diagnosis then made, of a small incomplete hernia,

confirms this. The location of the hernia, whether inguinal or elsewhere, is immaterial, so long as it had not manifested itself to outward observation.

The distinction was observed by President Judge Keller in Knodel v. William J. Boas & Co., 124 Pa. Superior Ct. 53 (1936), where he speaks of "the ordinary kind in which the descent of the hernia is discoverable immediately or within a few hours, or the type where it is not so outwardly manifested as to be discoverable by the claimant, or anyone but a physician."

To the same effect is the language of Hopp v. Taub, 117 Pa. Superior Ct. 55 (1935), at page 58: "That the amendment applies only to ordinary hernias or 'ruptures' giving evidence of their occurrence by a protrusion from some part of the abdominal cavity, which would be discoverable by an employe immediately, or within a few hours, after an accident."

The cases decided before the 1945 amendment, many of which have been cited by counsel in their briefs, concerned compensability aside from the question of notice, and are therefore distinguishable or inapposite. The facts of Berner v. Philadelphia & Reading Coal & Iron Co., 100 Pa. Superior Ct. 324 (1930), were such as to indicate that the injury there involved was not compensable under the provisions of the statute as it then stood, regardless of notice to the employer. Judge Cunningham in his opinion in that case quoted the exact language of the amendment:

" 'Hernia shall be considered as a physical weakness or ailment, which ordinarily develops gradually, and shall not be compensable, unless conclusive proof is offered that the hernia was immediately precipitated by such sudden effort or severe strain that: first, the descent of the hernia immediately followed the cause; second, there was actual pain in the hernial region;

third, the above manifestations were of such severity that the same were immediately noticed by the claimant and communicated to the employer, or a representative of the employer, within forty-eight hours after the occurrence of the accident.' "

Thus under the 1927 amendment hernia was compensable only when accompanied by certain manifestations, and it was those manifestations which were required to be immediately noticed by claimant and reported within 48 hours. The manifestations to the employe were a sine qua non of compensability, and without them the question of notice to the employer was immaterial. That the court was fully aware of this distinction is made clear by its quoting with approval the language of the lower court in the Berner case:

" 'The question whether the workman is entitled to be compensated for a hernia is not to be determined by the fact that a hernia may have occurred at the time and as a result of the injury, but whether its occurrence at the time was manifested in the manner prescribed by the act and, *if so*, whether it was properly reported within the prescribed time. . . .' " (Italics supplied.)

We must conclude that where the usual manifestations are absent but nevertheless an employe suffers a hernia, as the board found in this case, by accident during the course of his employment, the injury is compensable, and the statutory requirement of notice to the employer does not apply until the employe has notice that he has suffered a hernia. Where an employe suffers pain, unaccompanied by protrusion or other evidence of a hernia, he cannot be expected to conclude that he has a hernia and report it as such. Only a professional diagnosis could bring home to him the knowledge that he has a hernia, unless he can see or feel the

442

protrusion. The legislature, in enacting the notice requirement, did not intend an impossible or unreasonable result: Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 52, 46 PS §552.

We hold, therefore, that the present claim is not barred by the provisions of section 306(*h*) of the act, and claimant's exceptions must be sustained.

### Order

And now, March 29, 1957, the within appeal is sustained and the action of the workmen's compensation board is reversed. Judgment is directed to be entered in favor of claimant, Frank Mis, against defendant, the Budd Company, for the amount of the referee's award, $569.31, with interest at six percent in accordance with the provisions of The Workmen's Compensation Act.

Judgment is further entered in favor of claimant, Frank Mis, for all costs of this proceeding.