Bontempt *v.* Suburban Construction Co., Appellant.

Argued September 29, 1932.

Before Trexler, P. J., Keller, Gaw-throp, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Louis Wagner,* and with him *Thomas J. Clary* and *Richard A. Smith,* for appellant.

*Samuel I. Sacks* of *Sacks & Piwosky,* for appellee.

OPINION BY BALDRIGE, J., November 21, 1932:

The claimant seeks compensation for a hernia alleged to have resulted from an accident in the course of his employment. The uncontradicted evidence is that he was injured on August 20, 1930, while at work in a ditch about eight feet deep, and that, while bending over, stones and dirt fell in on him and the weight thereof "pushed me against a pipe, striking my abdomen and part of my chest against a big pipe that was in front of me at that time, and even the pipes were broken." He immediately experienced severe pains in his abdominal region and was taken to the Abington Hospital, where it was discovered he had "a direct inguinal hernia with a large indurated sac." He was operated upon two days later, but we do not have the benefit of testimony of the surgeon as he died shortly thereafter. His assistant, Dr. Catherine Elson, an interne in the hospital and a graduate of the preceding June, testified that, in her opinion, the hernia was not of traumatic origin. There was no medical testimony offered on behalf of the claimant to connect the hernia with the injury. The referee disallowed the claim. The board, on appeal, reversed the referee's findings, granted an award, and ordered the return of the record to the referee for the purpose of determining the period of disability. On appeal to the learned court below, the board's action was sustained.

The appellant's chief contention is that the claimant failed to furnish "conclusive proof," as required under the amendment of April 13, 1927, P. L. 186, 189, to section 306 of the Workmen's Compensation Law. The legislature no doubt contemplated that convincing proof should be offered to support an award, but there is no expression in the amendment, nor can we read one therein, that requires that proof by medical testimony shall be essential to a recovery, if, as here, there is such close connection between the accident and the

injuries as to satisfy a reasonable person as to the cause of injuries. The claimant testified that, before the accident, he never had abdominal pains, and that there was no symptom of rupture when he was examined by a doctor about two years prior thereto in connection with his admission to several organizations to which he belonged.

Here, as in the case of Zionek v. Glen Alden Coal Co., 105 Pa. Superior Ct. 189, 160 A. 154, under the uncontradicted testimony, the disability immediately followed the accident, and we there stated that whether the accident was the cause of the disability or the aggravation of a chronic ailment, the claimant is entitled to an award.

After a careful consideration of this record, we have concluded that the assignments of error are without merit.

The appeal is dismissed at the cost of appellant.