Sussick *v*. Glen Alden Coal Company, Appellant.

Argued March 8, 1933.

Before
Trexler, P. J., Keller, Cunningham, Baldrige, Stadt-
feld, Parker and James, JJ.

J. 'H. Oliver, and with him Franklin B. Gelder, for appellant.

Roger J. Dever, for appellee.

Opinion by Baldrige, J., April 17, 1933:

This case is an appeal from the decision of the court affirming the board in awarding compensation for disability and expenses resulting from a hernia.

The claimant alleges that he was injured between 12:00 and 1:00 o'clock on January 21, 1931. The uncontradicted evidence is that he was driving a team of mules, which had trouble starting a loaded car of coal, and, in an effort to assist them, he put a sprag between the spokes of a wheel on the car, put his weight upon it, and used all his strength for the purpose of starting the car. He experienced a sudden " grabbing pain" in the left side of his abdomen, which he thought was cramp. He did not complain to his assistant, who was working with him, but about 2:00 o'clock, or shortly thereafter, when he changed his

clothes in the wash shanty, he found a lump in his inguinal region, and reported that fact to his foreman. After going home, he called on a doctor, who, upon examination, found there was no pain or tenderness, but advised him to seek hospital treatment. The next day he went to the hospital and was operated on for a hernia.

The appellant contends that the claimant is not entitled to an award, as there was (1) no "conclusive proof that the descent of the hernia immediately followed the cause;" (2) no "conclusive proof that the descent of the hernia immediately following the cause was immediately noticed by the claimant."

This appeal involves, therefore, the construction of the terms "conclusive proof" and "immediately," as used in section 306 (g) of the Workmen's Compensation Act of June 2, 1915, P. L. 736, art. III, as amended by section 1 of the Act of April 13, 1927, P. L. 186 (77 PS §652). Under this statute, "hernia shall be considered as a physical weakness or ailment, which ordinarily develops gradually and shall not be compensable, unless conclusive proof is offered that the hernia was immediately precipitated by such sudden effort or severe strain that: first, the descent of the hernia immediately followed the cause; second, there was actual pain in the hernial region; third, the above manifestations were of such severity that the same were immediately noticed by the claimant and communicated to the employer, or a representative of the employer, within forty-eight hours after the occurrence of the accident."

The history of the claimant is that he never had any trouble or pain in his groin prior to this accident, although he always had a small lump in that region, due to a congenital undescended testicle. Dr. Right, who assisted in the operation, testified that, in his opinion, the claimant did not have a hernia prior to

the accident, but that it descended when he experienced the pain, and was the result of his physical effort; that the other small lump had no relation whatever to the hernia. True, Dr. Farrar and Dr. Smith, called by the appellant, were of the opinion that this was not a traumatic, but a congenital hernia, and the accident had nothing to do with its descent.

In view of the pain immediately following the accident, and the discovery of the lump within two hours thereafter, supplemented by the evidence of Dr. Right, we think the proof was sufficient to meet the requirements of the statute. In Bontempt v. Suburban Construction Co., 107 Pa. Superior Ct. 258, 163 A. 46, where no medical testimony whatever was offered in behalf of the claimant, we said: "The legislature no doubt contemplated that convincing proof should be offered to support an award, but there is no expression in the amendment, nor can we read one therein, that requires that proof by medical testimony shall be essential to a recovery, if, as here, there is such close connection between the accident and the injuries as to satisfy a reasonable person as to the cause of injuries."

Although the burden is on the claimant to rebut the presumption of a physical weakness or ailment by conclusive proof, as clearly pointed out by our Brother CUNNINGHAM, in Berner v. P. & R. C. & I. Co., 100 Pa. Superior Ct. 324, 330, we are of the opinion that the evidence in this case was sufficient to convince the fact-finding body that the sudden effort or severe strain, to which the claimant was subjected, was the cause of his sustaining a hernia. That meets the standard of "conclusive proof" established by the act.

The appellant lays particular stress on its second position, to wit: that there was not such an *immediate* descent of the hernia and *immediate* notice thereof as to bring it within the provision of the statute.

"Immediate" admits of many varieties of definition. It is not a technical word, but elastic and comprehensive; it has a relative meaning, dependent upon the connection in which it is used. The lexicographers define "immediate" as being "directly connected;" "not remote;" "acting without intervention of another object, cause or agency." Sometimes it means "within a reasonable time" or "as soon as practicable." See Williams v. Pref. Mut. Acc. Co., 17 S. E. 982. Bouvier, in his law dictionary, defines it: *"As to time:* Present; without delay or postponement. Strictly it implies *not deferred by any lapse of time,* but as usually employed, it is rather within reasonable time having due regard to the nature and circumstances of the case. This word and immediately (q. v.) are of no very definite signification and are much dependent on the context. In legal proceedings they do not import the exclusion of any interval of time; Howell v. Gaddis, 31 N. J. L. 313. As to immediate delivery, see Neldon v. Smith, 36 N. J. L. 148. 'Immediate' notice may be construed as meaning 'reasonable notice;' McFarland v. Acc. Assn., 124 Mo. 204, 27 S. W. 436."

"Immediately," in the sense used in this statute, should not receive such a literal interpretation as to require a hernia to be noticed instantly by a claimant. It would be a too-strict construction, and not within the legislative contemplation, to require an injured person to examine himself the very moment he experiences a sudden pain to ascertain if a hernia is present. It clearly appears that the claimant's physical effort was the primary or proximate cause of his injury, as there was an uninterrupted relation between the cause and effect. Within two hours after the alleged accident, and at the first reasonable opportunity, he examined himself and observed the lump. That brought him within the requirements of the statute.

Judgment affirmed.