Testa *v.* National Radiator Corporation (et al., Appellant).

Argued April 15, 1940.

Before KELLER, P. J., CUNNINGHAM,

Baldrige, Stadtfeld, Parker, Rhodes and Hirt, JJ.

*Murray J. Jordan,* with him *Fred J. Jordan,* for appellant.

*Clarence A. Patterson,* for appellee.

Opinion by Rhodes, J., July 19, 1940:

This is a workmen's compensation case in which the referee awarded compensation for total disability as the result of a hernia. The award was sustained by the Workmen's Compensation Board and by the court below, and judgment was entered for claimant. The employer and its insurance carrier have appealed.

As to the manner in which the injury was sustained appellee, who was employed by appellant employer as a laborer, testified that he was shoveling sand into a truck when he felt a pain in his right side. The shovel contained 15 to 20 pounds of sand, which was thrown to a height of 5 to 5½ feet. He had never had a hernia previously. He reported the matter to the company's doctor on the following morning, telling the latter that "when I shoveled the sand I feel a pain here (indicating the right groin)." He also reported the matter to the "boss" on the same day that he was examined by the doctor, and as a result of the doctor's instructions appellee was given light work, at which he continued

as best he could, working two or three days a week until November 15, 1937, when everybody was laid off. Appellee has not worked since that time.

Appellant employer's physician, Dr. D. B. Connery, was called as its witness, and testified that on November 3, 1937, appellee reported to him in the plant hospital, and complained of a lump and a pain in his stomach. The doctor said: "My understanding was that he had hurt himself the day he worked, the day before, so I examined and made my report and sent it to Mr. Agnew there." He diagnosed the condition as a femoral hernia, and in his opinion "the only curative treatment is surgery." Dr. Connery was asked: "Q. Could he do light work in that condition? A. Yes. Dangerous—in that the hernia, same as any other—it might strangulate". He was unable to say whether appellee's hernia was a recent one or an old one.

The foregoing resume of the testimony shows that appellee met every requirement of the hernia amendment to the Workmen's Compensation Act of June 2, 1915, P. L. 736, §306 (g), added by the Act of April 13, 1927, P. L. 186, §1, 77 PS §652, which was in effect at the time this case arose.

Appellants contend first that appellee failed to prove that he had sustained a hernia as a result of an accident. "No good purpose would be served by a discussion of the cases relative to what constitutes an 'injury by an accident' within the general intendment of the statute. The legislature has specifically prescribed what a claimant for compensation for disability resulting from a hernia must prove in order to make his injury compensable. As we have indicated, the evidence for the claimant in this case measured up to each requirement": *Ansaldo v. State Workmen's Insurance Fund et al.,* 133 Pa. Superior Ct. 461, at page 464, 3 A. 2d 48, at page 49. See, also, *Camilli v. Pennsylvania Railroad Co.,* 135 Pa. Superior Ct. 510, 7 A. 2d 129.

In his claim petition appellee had stated that he had

been injured on October 11, 1937. At the hearing he was uncertain of the date, saying: "I forget the day because I didn't mark it. The doctor marked what day it was." He was positive, however, that he went to the doctor the day after he felt the pain. When it appeared that appellee had first seen Dr. Connery on November 3d, the referee amended the petition to show that the injury occurred on November 2, 1937, instead of the date previously mentioned. Appellants contend that such action on the part of the referee was improper, and then argue that if the accident occurred on October 11, 1937, as originally stated in the claim petition, the evidence shows that appellee did not comply with the requirement of section 306 (g), supra, as to notice. This position is without merit, and was aptly disposed of in the opinion of the court below as follows: "The claim petition avers October 11, 1937, as the date of injury but upon the stand claimant, a foreigner who did not speak very good English and was not represented by counsel, testified immediately and readily that he did not know the date when the occurrence happened but knew only it was the day before he went to the doctor and the doctor would know the date. The doctor testified positively that the date of the claimant's visit to him was November 3d. He said also that when the claimant called upon him and was examined, he did say that on the previous day he had felt a pain while shoveling sand and the lump had appeared. It was further developed in the evidence that it was not claimant who had fixed the date but an employee of the defendant who determined the date as best he could and set it down for the claimant.

"Under these circumstances it is idle to contend that no power to amend the allegations to correspond with the truth existed."

Finally, appellants contend that the judgment should be reversed because there was no medical evidence to establish total disability, or that there was any relation-

ship between the alleged accident and the disability from which appellee suffers.

The statute does not require medical testimony to establish the relationship between the alleged accident and the disability from which appellee suffers. Where, as here, there is such close connection between the accident and the injury as to satisfy a reasonable person as to the cause of the injury, the relation between the two is sufficiently shown. And this is so even though section 306 (g), supra, makes it necessary for appellee to furnish "conclusive proof." *Bontempt v. Suburban Construction Co.*, 107 Pa. Superior Ct. 258, 260, 163 A. 46. There is no evidence in the instant case that appellee had previously suffered from a hernia, and the symptoms thereof became manifest immediately after shoveling sand, as has been previously described. *Renaldi v. Buenning et al.*, 113 Pa. Superior Ct. 500, 173 A. 466. Appellee testified he never had a lump there before. Likewise, there was sufficient support in the evidence for an award of total disability notwithstanding the lack of unequivocal medical testimony to that effect. During the period between the date of his injury and the date of his discharge, appellee continued to work, but it is clear that he was favored by appellant employer and given very easy jobs. Furthermore, he worked only two or three days each week. Since his discharge he has not worked for any one, and Dr. Connery says that it would be dangerous for him to do so. Under these circumstances the referee's award of total disability was justified.

If appellants are of the opinion that appellee can work safely notwithstanding the femoral hernia, they can raise that question by proper procedure at any time.

Judgment is affirmed.