## Wilson v. Union Collieries Company

A. L. McLaughlin, for claimant.

Edward J. Gannon, of Hazlett, Gannon & Walter, for defendant.

DITHRICH, J., February 24, 1942.—The sole question involved in this appeal from an award of compensation by the Workmen's Compensation Board is whether there was sufficient competent testimony to overcome the statutory presumption that a hernia is

"a physical weakness or ailment, which ordinarily develops gradually", and to establish a hernia compensable under section 306(*h*) of the Act of June 21, 1939, P. L. 520, reënacting and amending The Pennsylvania Workmen's Compensation Act of June 2, 1915, P. L. 736.

The amendment of 1939 provides that a hernia shall not be compensable unless the proof is "incontrovertible". An amendment of April 13, 1927, P. L. 186, required that the proof be "conclusive". For a period of two years there was no statutory requirement as to proof, since the amendment of 1927 was omitted from the amendment of June 4, 1937, P. L. 1552. But the statutory requirement was restored by the amendment of 1939 in substantially the same language as the amendment of 1927, with the exception that "incontrovertible" was substituted for "conclusive".

So far as we have been able to discover, there is no reported case construing the amendment of 1939 but, in our opinion, the only reasonable construction to place upon it is the one placed upon the amendment of 1927 by the Superior Court, as follows:

"Where, as here, there is such close connection between the accident and the injury as to satisfy a reasonable person as to the cause of the injury, the relation between the two is sufficiently shown. *And this is so even though section 306 (g), supra, makes it necessary for appellee to furnish 'conclusive' proof.' Bontempt v. Suburban Construction Co.,* 107 Pa. Superior Ct. 258, 260, 163 A. 46": Testa v. National Radiator Corp. et al., 141 Pa. Superior Ct. 206, 210. (Italics supplied).

In that case, as in this, the claimant "was uncertain of the date, saying: 'I forgot the day because I didn't mark it. The doctor marked what day it was'. He was positive, however, that he went to the doctor the day after he felt the pain." In this case, claimant went to the doctor the same day that he felt the pain. Dr.

Hobaugh, the defendant company doctor, testified that he first examined claimant on May 13, 1940, and on cross-examination he testified that "it is my recollection that he told me more than one [date] but he did insist upon whatever date the date was he saw me first, it was the 13th." He further testified that "I asked him on what date he got this and I think he said the 9th of May and I said: 'Do you mean to tell me it was today' and he said 'Yes.' I said: 'Today isn't the 9th, it's the 13th.' He said: 'Well, the 13th then.' "

Claimant and the snapper who was working on the loading machine, of which claimant was the operator, both testified that the accident occurred on the morning of Monday, May 13th, and the snapper further testified that plaintiff took down his trousers and showed him the lump in his groin, which appeared immediately following the accident.

The only testimony offered by defendant to controvert claimant's testimony was the hearsay testimony of the mine safety inspector that claimant's foreman had told him that claimant had reported the accident as of May 9th, and the inspector's testimony that claimant had told him the same thing.

Defendant takes the position that because of the testimony of the mine safety inspector claimant's proof cannot be held to be incontrovertible. But, in our opinion, the test to be applied is to determine not whether the proof has been controverted but whether it has been successfully controverted. Whether the accident occurred May 9th, or 13th, and whether the report of the accident was made within the time required by the act are questions of fact, and as there was sufficient competent testimony to warrant the finding of the referee on both points his findings will not be disturbed.

### Order of court

And now, to wit, February 24, 1942, the exceptions are overruled and the appeal is dismissed and judgment

is hereby entered in favor of Edward Wilson, claimant, and against defendant, Union Collieries Company, in the amount of $138.85, compensation at the rate of $18 per week, beginning May 23, 1940, and continuing to July 16, 1940, a period of 7-5/7 weeks, the aforesaid judgment for payment of compensation to bear interest at the rate of six percent calculated on each instalment from the date it was due and not paid, according to the provisions of section 410 of The Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended. Said defendant is further ordered to pay the sum of $100 to Dr. C. L. Hobaugh for medical expenses, and the sum of $70 to Citizens General Hospital.