## Grant *v.* Wark Construction Company et al., Appellants.

Argued March 8, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*T. E. Byrne, Jr.,* with him *Francis Logan,* for appellants.

*Ralph Schwartz,* for appellee.

OPINION BY RENO, J., April 16, 1943:

In this workmen's compensation case, the Workmen's Compensation Board set aside the referee's findings, substituted its own findings and awarded compensation to the claimant for a hernia. Defendants' appeal was dismissed by the court below.

Appellants contend that claimant did not establish his case by "incontrovertible proof" required by the Pennsylvania Workmen's Compensation Act of 1939, P. L. 520, §306(h), 77 PS §515. This is based upon the circumstance that at the first hearing before the referee, as well as in prior statements to an investigator and a physician, the claimant gave versions of the accident which differed from his testimony at the second hearing. It may be conceded that these contradictions seriously affected and might well have destroyed the claimant's credibility. The board explicitly based its award upon the testimony of Guy Francis, a co-worker, who was present at the accident and testified to all the elements included in §306(h), supra, except that of descent and that item of proof was supplied by claimant's wife. The foreman, who was also present at the accident, was not called as a witness by defendants. Hence the award rests upon the testimony of an unimpeached and uncontradicted witness, found credible by the board. The board is the ultimate fact-finding body and the final judge of the credibility of witnesses: *Johnson v. Valvoline Oil Co.*, 131 Pa. Superior Ct. 266, 200 A. 224; *Russell v. Scott Paper Co.*, 140 Pa. Superior Ct. 84, 13 A. 2d 81; *Williams v. Susquehanna Collieries Co.*, 148 Pa. Superior Ct. 540, 25 A. 2d 751.

The phrase "incontrovertible proof" as employed in §306(h) must be read in its context. That section recognizes that hernia is generally "a physical weakness or ailment, which ordinarily develops gradually" and, therefore, is not compensable "unless incontrovertible proof" is offered to rebut what we have called a statutory presumption: *Hopp v. Taub*, 117 Pa. Su-

perior Ct. 55, 177 A. 214. In the Act of April 13, 1927, P. L. 186, §306(g), the corresponding phrase was "conclusive proof" and under it we held that clear and convincing proof of all the elements stated in the Act must be offered to sustain an award: *Sussick v. Glen Alden Coal Co.*, 108 Pa. Superior Ct. 593, 165 A. 658; *Bontempt v. Suburban Construction Co.*, 107 Pa. Superior Ct. 258, 260, 163 A. 46. We think that the phrase "incontrovertible proof" calls for no higher degree of proof than that indicated by "conclusive proof".

It should be added that claimant explained his discrepancies to the satisfaction of the board. He was not represented by counsel at the first hearing and in his petition for a rehearing alleged that "he was led to believe and was always given the impression that he would receive compensation without objections from the insurance carrier and that the hearing before the referee was but a mere formality prerequisite to receiving compensation." One gathers from the reading of the testimony that this unlearned claimant, without the assistance of counsel at the first hearing, in the language of the court below, "with the courtesy of his race, wanted to be as obliging as he could to the white gentlemen who questioned him." If his explanation did not restore his credibility, the board, nevertheless, did grant him a re-hearing and favorably considered the testimony of the unimpeached witness who appeared for the first time at the second hearing. We are not warranted in disturbing its conclusion.

The judgment is affirmed.