## Drumbar *v.* Jeddo-Highland Coal Company, Appellant.

Argued March 7, 1944. Before KELLER, P. J., BALD-RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*John H. Bigelow,* for appellant.

*Roger J. Dever,* for appellee.

OPINION BY KENWORTHEY, J., April 18, 1944:

The compensation authorities awarded appellee compensation for a hernia. The common pleas affirmed; the employer appeals. The question is whether appellee offered sufficient evidence to sustain the award. Appellant's principal argument is that certain differences in the language in §306(h) of the Act of 1939[1] and the earlier Hernia Amendment of 1927[2] indicate an intention on the part of the legislature to impose, by the Act of 1939, a greater burden of proof than was required by the earlier act. §306(h) is printed in full in the margin, the new language in the Act of 1939 being in

---

[1] Act of June 21, 1939, P. L. 520 §1, 77 PS 515.

[2] Act of April 13, 1927, P. L. 186, §306(g), 77 PS 652.

italics and the supplanted words of the earlier act being in brackets.[3] We shall dispose of this question before discussing the evidence and appellant's additional contentions.

With the single exception that an entirely new element of proof was introduced by the Act of 1939, viz that the manifestations 'of the hernia must necessitate immediate cessation of work, the differences in the language are, in our opinion, insignificant. We have already held there is no substantial difference between incontrovertible proof and conclusive proof (*Grant v. Wark Construction Co.*, 152 Pa. Superior Ct. 214, 31 A. (2d) 739); by the use of these expressions it was not intended that proof must be either incontrovertible or conclusive in the literal sense. Such a construction would make it virtually impossible for an employe to secure compensation for a hernia. When given a reasonable construction (Stat. Const. Act of May 28, 1937, P. L. 1019 art. IV, §52, 46 PS 552), they mean merely "clear and convincing proof.", *Grant v. Wark Construction Co.*, supra at 216. See also *Bontempt v. Suburban Const. Co.*, 107 Pa. Superior Ct. 258, 260, 163 A. 46; *Sussick v. Glen Alden Coal Co.*, 108 Pa. Superior Ct. 593, 165 A. 658; *Testa v. National Radiator Corp.*, 141 Pa. Superior Ct. 206, 210, 15 A. (2d) 42.

In the new act, proof is required that the hernia was

---

[3] Hernia shall be considered as a physical weakness or ailment, which ordinarily develops gradually, and shall not be compensable, unless *incontrovertible* [conclusive] proof is offered that the hernia was *at once* [immediately] precipitated by sudden effort or severe strain and that: first, the descent of the hernia followed the cause *without intervening time* [immediately]; second, there was actual pain in the hernial region at the time of the descent; third, the above manifestations were of such severity they were noticed *at once* [immediately] by the claimant, *necessitating immediate cessation of work,* and communicated to the employer or a representative of the employer within forty-eight hours after the occurrence of the accident."

"at once" precipitated, that the descent followed the cause "without intervening time" and that the manifestations of the hernia were noticed "at once," whereas the earlier act used the word "immediately." We think there is no substantial difference between "at once" and "without intervening time" on the one hand and "immediately" on the other. The standard dictionaries indicate no appreciable difference.[4] We have held that "immediately" does not mean instantaneously, but within a reasonable time; that for a hernia to be compensable it is not necessary to prove that the injured workman removed his clothing and discovered it on the spot but he is within the requirements of the law where it was noticed for the first time several hours afterwards. *Sussick v. Glen Alden Coal Co.*, supra.[5]

The only testimony was that offered by appellee. He testified that on January 31, 1940, between 11 A. M. and 12 Noon, he was operating a chute lever in appellant's mine when a large lump of coal came down the chute and lodged against the lever. In order to enable the lump to pass down the chute, it was necessary to raise the lever. He testified: "I made a couple attempts and then I had to make a jerk, and it came up then." As

---

[4] Immediately—"without interval of time; without delay; straightway" (Webster's New Int. [2d ed.]); "without any delay or lapse of time; instantly, directly, straightway; at once" (A New English Dictionary [Oxford 1901]). "The term 'at once' like the words 'forthwith' and 'immediately' does not mean instantaneously, but requires action within a reasonable time ......" *Cohen v. Silverman*, 4 App. Div. 503, 40 N. Y. S. 8. See also 20 Words & Phrases, 108, 109.

[5] See also *Renaldi v. Buenning*, 113 Pa. Superior Ct. 500, 173 A. 466 (one day after the accident); *Romesburg v. Gallatin Market*, 114 Pa. Superior Ct. 388, 174 A. 805 (4½ hours later); *Schriver v. Gulf Refining Co.*, 117 Pa. Superior Ct. 507, 180 A. 147 (at home after working day); *Ansaldo v. State Workmen's Ins. Fund*, 133 Pa. Superior Ct. 461, 3 A. (2d) 48 (several hours after working day); *Testa v. National Radiator Corp.*, supra (day after accident).

he jerked the lever, he felt a sharp pain in the right inguinal region. He immediately "rested for about two or three minutes and then I went to work again." He finished his shift with some help from his miner. When he reached his home between two and three hours after the occurrence, he noticed the protrusion of the hernia. A physician testified that, in his opinion, the descent had occurred "at the time he felt the pain." It is not disputed that appellant was notified within forty-eight hours.

All the necessary elements of proof of a compensable hernia are included within the scope of §306(h). We need not concern ourselves with a discussion of, the numerous cases dealing with the difficult question whether an injury was caused by an accident within the meaning of §301 (77 PS 411).[6] Provided the proofs meet the other specific requirements, a hernia is compensable if precipitated by sudden effort or severe strain. *Testa v. National Radiator Corp.*, supra; *Ansaldo v. State Workmen's Ins. Fund*, supra; *Reibman v. Colonial Mfg. Co.*, 147 Pa. Superior Ct. 249, 24 A. (2d) 166.

Appellant contends there was insufficient evidence that the occurrence necessitated immediate cessation of work. But this requirement, like the others, must be given a reasonable interpretation. Under the circumstances, we think the temporary cessation—two or three minutes—was sufficient. One of the physicians testified that, although he generally would not expect a man in appellee's condition to be able to perform any hard labor, in his opinion, appellee was the type of man who could—"from his hospital record, I would say he is the type of man can bear pain." Even before the statutory

[6] See *Adamchick v. Wyoming Valley Collieries Co.*, 332 Pa. 401, 3 A. (2d) 377; *Crispin v. Leedom & Worrall Co.*, 341 Pa. 325 19 A. (2d) 400; compare *Buck v. Arndt*, 153 Pa. Superior Ct. 632, 34 A. (2d) 823.

requirements of the Hernia Amendment, the immediate cessation of work was regarded as an element to be considered in determining whether a hernia was compensable and, although it was considered unusual for a workman to be able to do work after the occurrence of a hernia, plausible explanations were permitted. *Kovack v. Union Drawn S. Co.*, 99 Pa. Superior Ct. 302. As the lower court so aptly said: "The resumption of usual work by the claimant may be explained either by his fortitude, loyalty to his work, or the fact that his shift would end within an hour and twenty minutes, or all three circumstances combined. If so, he ought not to be penalized; he ceased work as soon as reasonably feasible."

Summarizing, we have here proof of a sudden effort (the testimony of appellee that he jerked the lever); that the descent of the hernia was without intervening time (opinion of the physician that it descended when appellee felt pain); that there was pain in the hernial region at the time of descent (the testimony of appellee coupled with the opinion of the physician); that the manifestations were noticed "at once" (testimony of appellee that he noticed the descent as soon as he reached home); that appellee was immediately compelled to cease work (his testimony that he rested two or three minutes); and that the occurrence was communicated to the employer within forty-eight hours.

Judgment is affirmed.