## Mavrinick *v.* Jones & Laughlin Steel Corporation, Appellant.

Argued April 28, 1944. Before KELLER, P. J., BALDRIGE, HIRT, KENWORTHEY, RENO and JAMES, JJ. (RHODES, J., absent).

*William A. Challener, Jr.,* with him *Frank McC. Painter* and *William A. Challener,* for appellant.

*Samuel Krimsly,* for appellee.

PER CURIAM, July 15, 1944:

The findings of fact of the referee, affirmed by the Workmen's Compensation Board and the common pleas upon which an award of compensation for partial disability was made, are not challenged. They establish that between eight and nine o'clock in the morning, June 10, 1941, appellee suffered an accident in the course of his employment as a result of which he developed a right inguinal hernia. He ceased work at about nine o'clock after assisting his buddy to complete the loading of a car. It is conceded that all of the requirements of the proof of a compensable hernia have been met save one; the sole question is whether the

fact that appellee did not discover the descent of the hernia until the following morning, which was about twenty-four hours after the accident, compels the denial of compensation for failure to meet the requirement of the Act of 1939 [1] that the descent occur "without intervening time" and be noticed "at once." It is argued that these expressions used in the Act of 1939 manifest an intention on the part of the legislature to require a more strict proof than was required under the earlier Act of 1927.[2]

We ruled adversely to this contention in our recent decision in *Drumbar v. Jeddo-Highland Coal Co.*, 155 Pa. Superior Ct. 57, 38 A. 2d 432.

The judgment is affirmed on the authority of that case.

---

[1] Act of June 21, 1939, P. L. 520 §1, added to the Act of June 2, 1915, P. L. 736 art. III, §306(h), 77 PS 515.

[2] Act of April 13, 1927, P. L. 186, Sec. 1, adding §306(g), 77 PS 652.