## Galbraith v. McLaughlin

*Sumner E. Nichos II,* for plaintiffs.
*Ritchie T. Marsh,* for defendant.

LEVIN, *J.,* June 10, 1986—This matter is before the court on preliminary objections filed by defendant to an amended complaint. In December 1976, defendant built a house on a vacant lot for Michael J. Kebort and Sheryl L. Kebort, his wife. In 1981, plaintiffs purchased the house from the said Michael J. Kebort and Sheryl L. Kebort, his wife. Plaintiffs have made certain allegations:

(1) The chimney was built 17 inches short of specifications. ·

(2) The roof was incorrectly constructed.

(3) Insulation was improperly installed.

(4) The south wall of the residence had bowed, and that the wall was incorrectly built.

(5) There was a water problem on the land.

(6) French drains and sill sealers had not been installed as indicated in the specifications and that clay had been used for back filling instead of gravel.

(7) The aforementioned defects were latent in nature.

(8) In essence, defendant had improperly completed construction of the house and had not properly drained the land.

In view of said allegations, plaintiffs aver a cause of action under breach of implied warranty of construction, and negligent construction of the home. In addition, under count II, plaintiffs claim a cause of action under 73 P.S. §201-2(7), the Unfair Trade Practices and Consumer Act, and request actual damages and treble damages under 73 P.S. §201-9.2(a). Further, plaintiffs claim a cause of action on the theory of strict liability.

The preliminary objections primarily deal with the following matters:

(1) The pleadings should be more specific.

(2) The doctrine of strict liability is not applicable to the present situation.

(3) Plaintiff has no cause of action against defendant since their dealings were not with defendant.

(4) 73 P.S. §201 et seq., does not create a cause of action against the present defendant by plaintiffs.

With this in mind, there are basically four separate issues involved. As to the preliminary objections in the nature of a motion for more specific pleading, the court is of the opinion that the objections are well taken as to certain items. Plaintiffs have alleged a deviation of the construction from the building specifications. However, they did not attach copies of said specifications. Pennsylvania Rule of Civil Procedure 1019(h) states:

"A pleading shall state specifically whether any claim or defense set forth therein is based upon a writing. If so, the pleader shall attach a copy of the writing, or the material thereof, but if the writing or copy is not accessible to him, it is sufficient so to

state, together with the reasons, and to set forth the substance of the writing."

As to the first issue set forth above, plaintiffs should have attached any contract they hold *plus* the specification sheet if these are within plaintiffs' possession. Further, they should allege which provisions are applicable and the variations between the construction and the specification sheet. If they do not have the contract or a copy of the contract between the Keborts and defendant, plaintiffs should so state this in their pleadings. On the other hand, if the said contract is available, it should be made part of plaintiffs' pleadings. Plaintiffs should also attach the original specification sheet between the Keborts and defendants. This can be done by simultaneously filing a separate document with the complaint. In view of the rule stated above, the preliminary objections requiring a more specific pleading are sustained to the extent herein discussed.

Defendant argues that the doctrine of strict liability is not applicable under the facts of this case. This is a unique remedy given to a purchaser where generally defendant's acts could cause personal injury or potential personal injury. The court does admit that the doctrine of strict liability will be applied in certain circumstances where latent defects in a building are involved. However, this type of liability is imposed only under limited circumstances. An excellent discussion of the issue appears in *Pa. Glass Sand Corp. v. Caterpillar Tractor Co.*, 652 F.2d 1165 (1981). There, the court held that one would recover on a strict liability theory so long as the harm occurred in an *accidental, calamitous* way rather than solely being the result of a defect in quality. (emphasis added). The court said:

"Although strict liability and tort developed out of the law of warranties, the courts of most states have

recognized that the principles of warranty law remain the appropriate vehicle to redress a purchaser's disappointed expectations when a defect renders a product inferior or unable adequately to perform its intended function. These courts have classified the damages consequent to qualitative defects, such as reduced value, return of purchase price, *repair and replacement, or lost profits, as economic loss,* and have *relegated those who suffer such commercial loss to the remedies of contract law.*" Supra, at 1172 (emphasis added).

The case of *Jones v. Laughlin Steel Corp. v. Johns-Manville Sales Co.,* 626 F.2d 280 (1980), also discussed the doctrine of strict liability where the controversy involved a defective roof. That court indicated that the doctrine of strict liability would not be applicable in those situations where economic loss is involved.

Applying the facts of the present case to those standards, it appears that strict liability is not a proper remedy and defendant's preliminary objections to this remedy are sustained.

The third issue raised by defendant's preliminary objection is whether a party who was not the original purchaser can sue the builder where there is a latent defect under theories of implied warranty of construction and negligent construction.[1] At one time such a suit would not have been permitted because of lack of privity of contract. This is no longer the law. The concept of privity is no longer viable and is a dead issue. In many ways, privity of contract reminds the court of those students who are failing Latin who often say, "Latin is a dead tongue,

---

1. Plaintiffs allege the home was built not only with a latent defect and in a negligent manner, but also contrary to specifications.

as dead as it can be, and the sooner that they bury it, the happier I will be." An excellent discussion of the death of privity is found in the case of *Spencer v. Firanski,* 67 D.&C.2d 235 (1974). In that case, the following language appears:

"This decision specifically referred to the question of vertical privity, that is, 'who can be sued?' The question of horizontal privity, that is 'who can sue' has just been decided by the Pennsylvania Superior Court. In the case of *Salvador v. Atlantic Steel Boiler Co.,* 457 Pa. 24, in the opinion by Justice Roberts, dated May 22, 1974, the court specifically abandoned the requirement of horizontal privity where plaintiff was suing for personal injuries resulting from an alleged breach of implied warranty. The injury resulted from an explosion of a steam boiler which occurred at plaintiff's place of employment. The question was whether plaintiff could sue the manufacturer of the steam boiler. The court stated in the opinion, 'We conclude that the theoretical foundation which once supported horizontal privity has been undermined; we hold that lack of horizontal privity itself may no longer bar an injured party's suit for beach of warranty.' Further in the opinion, the court says 'Our courts have determined that a manufacturer by marketing and advertising his product impliedly represents that it is safe for its intended use. We have decided that no current societal interest is served by permitting the manufacturer to place a defective article in the stream of commerce and then to avoid responsibility for damages caused by the defect.'

"Should the builder of a home be in any different position from a manufacturer? We think not. . . . We hold, therefore, that privity of contract is not necessary in a suit for breach of implied warranty by a re-. mote purchaser from a builder-vendor." *Spencer,*

supra, at 236-238.[2] Consistent with this holding, this court must dismiss defendant's preliminary objections to this count.

The final issue is whether plaintiffs have a cause of action under 73 P.S. §201-1, et seq. There is no case or case history to aid the court. However, the court is able to use the rules of statutory construction to resolve the question. Ruling on this case is not like sailing in uncharted waters. Rather it is similar to taking a hike on land which was not surveyed but has familiar landmarks to help you find your way.

A perusal of the statute itself shows that it consistently uses the word "person" which is defined as: ". . . material persons, corporations, trusts, partnerships, incorporated or unincorporated associations, and other legal entities." 73 P.S. §201-2. In the section providing for private actions, the statute states: "*Any person* who purchases . . . goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of property, real or personal, . . . may bring a private action. . . ." 73 P.S. §201-9.2 (emphasis added). There is no specific provision within the act which limits a cause of action to an immediate purchaser. Therefore, the court would have to assume that the Legislature intended to include subsequent purchasers where a latent defect is involved.

In further support of this interpretation of the statute, the court relies on the cases of *Culbreth v. Lawrence J. Miller Inc.,* 329 Pa. Super. 391, 477 A.2d 500 (1984); *Croom v. Selig,* 318 Pa. Super.

---

2. See also, *Sports Management Co. Inc. v. Allensville Plaining Mill Inc.,* 16 D.&C.3d 60 (1980); *Pennsylvania Supply Co. v. Nat'l Casualty Co.,* 152 Pa. Super. 217, 31 A.2d 739 (1943).

213, 464 A.2d 1306 (1984); and *Commonwealth v. Monumental Prop. Inc.*, 459 Pa. 450, 329 A.2d 812 (1974). These cases all stand for the general principal that the statute is to be liberally construed to protect a private person from being victimized by unlawful acts.[3]

It is of interest to note that 42 Pa.C.S. §5536(a), a statute of repose, provides for a 12-year limitations period in which an action may be brought against a builder. This statute contemplates that a cause of action can be brought by a subsequent purchaser because it is reasonable to expect that real estate will in all likelihood change hands within that 12-year period.

Essentially, the statute of repose foresees that it is more than likely that someone other than the original purchaser may bring suit. In accord with these principles, defendant could be liable under the Unfair Trade Practices and Consumer Protection Law based on the facts pleaded.

For these reasons, defendant's final preliminary objections as to the Unfair Trade Practices and Consumer Act are dismissed.

---

3. "This already broad language is to be construed broadly so as to effectuate as fully as possible the Legislature's purpose of preventing unfair or deceptive practices." *Culbreth,* supra at 382.

"The Pennsylvania Supreme Court has held that the underlying purpose of the Unfair Trade Practices and Consumer Protection Law is the prevention of fraud and it should be liberally construed to effect that purpose." *Croom,* supra at 214.

". . . it is to be construed liberally to effect its object of preventing unfair or deceptive practices." *Monumental Prop. Inc.* supra at 460.

## ORDER

And now, this June 10, 1986, it is hereby ordered, adjudged, and decreed as follows:

(1) Defendant's preliminary objections as to count 4 of plaintiffs' complaint are sustained and said count is dismissed.

(2) Defendant's preliminary objections requiring a more specific pleading to the extent set forth in the opinion filed herewith are sustained.

(3) That defendant's preliminary objections as to counts II and III are hereby dismissed for the reasons set forth in the opinion.